# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VELVA SWEEZER and STEVEN MOORE,<br>Plaintiffs,<br><br>vs.<br><br>CHICAGO POLICE OFFICER TYRONE JENKINS) (STAR #5282), UNNAMED CHICAGO POLICE OFFICERS/SECURITY GUARDS, JUSTIN MOORE, ERIC MITCHELL, THE CHICAGO BOARD OF EDUCATION, and THE CITY OF CHICAGO,<br>Defendants. | FILED<br>08CV1818    MJC<br>JUDGE SHADUR<br>MAGISTRATE DENLOW |

## CIVIL COMPLAINT

**NOW COME** the plaintiffs, VELVA SWEEZER and STEVEN MOORE, by and through their attorneys, Erickson and Oppenheimer, LLC, complaining of the Defendants CHICAGO POLICE OFFICER TYRONE JENKINS (STAR #5282), UNNAMED CHICAGO POLICE OFFICERS/SECURITY GUARDS, JUSTIN MOORE, ERIC MITCHELL, THE CHICAGO BOARD OF EDUCATION, and THE CITY OF CHICAGO and stating the following:

### Introduction

1. This is a civil action brought pursuant to 42 U.S.C § 1983 seeking damages against defendants for committing acts under color of law that deprived Plaintiffs of their rights secured by the Constitution and laws of the United States and contains some attendant state claims.

2. Plaintiff Steven Moore was unlawfully seized and falsely imprisoned by the

defendants who used excessive force.

3. Plaintiff Velva Sweezer was unlawfully seized and falsely imprisoned by the defendants who used excessive force.

## Jurisdiction and Venue

4. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and §1343 and pendent jurisdiction for attendant state claims as provided under U.S.C., § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

## The Parties

6. Velva Sweezer is the mother of Steven Moore, a former student at Lincoln Park High School. They both reside at 455 W. Evergreen, Apt. 8, Chicago, IL 60610.

7. Defendant Officer Tyrone Jenkins (Star #5282) is a present employee of the Chicago Police Department. At the time of the incident, Jenkins was employed by the Chicago Public Schools as a security guard. At all relevant times, Officer Jenkins acted under the scope of his employment and under color of law.

8. Defendants Unnamed Police Officers/Security Guards are present or former employees of the Chicago Police Department. At all relevant times, the unnamed police officers/security guards acted under the scope of their employment and under color of law.

9. Defendant Justin Moore was employed by the Chicago Public Schools as Assistant Principal of Lincoln Park High School. At all relevant times, Justin Moore acted under the scope of his employment and under color of law.

10. Defendant Eric Mitchell was employed by the Chicago Public Schools as a Security Supervisor at Lincoln Park High School. At all relevant times, Eric Mitchell acted under the scope of his employment and under color of law.

11. The Chicago Board of Education, at all relevant times, was a duly created entity in Chicago, Illinois, and was the employer of Jenkins and Unnamed Police Officers/Security Guards.

12. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

### Background Facts

13. On the morning of March 30, 2007, Steven Moore was stopped by Defendant Security Supervisor Eric Mitchell inside the entrance to Lincoln Park High School, 2001 N. Orchard, Chicago, IL 60610. Defendant Mitchell told Steven another student, Jarvis Jones, to wait there for Defendant Officer Tyrone Jenkins to arrive at the school.

14. Approximately ten minutes later Officer Jenkins arrived in his Chicago Police Department uniform, which includes a blue shirt, tool belt, and handcuffs. He took Steven and Jones upstairs to the 'Police Room,' with Officer Jenkins walking in front of Steven and Mitchell walking behind them.

15. Steven asked why he was stopped and Officer Jenkins told him to shut up. Officer Jenkins used a key to gain access to the 'Police Room,' and Officer Jenkins pushed

Steven into the 'Police Room' and closed the door behind them. Jarvis Jones remained in the hallway at Officer Jenkin's request.

16. Once inside the 'Police Room," Officer Jenkins grabbed Steven by the collar and shoved him up against the door.

17. Officer Jenkins pinned Steven against the door, continued his grip on Steven's collar and raised his right fist as if to punch Steven in face.

18. While in this position, Officer Jenkins made several quick, short, forward motions with his fist bringing his fist within inches of Steven's face. During this time, Officer Jenkins repeatedly told Steven to hit him.

19. During this time, Officer Jenkins told Steven he wanted Steven to "do something." "Go ahead, do it. I want you to," he repeated.

20. While Officer Jenkins held Steven in this position, someone attempted to open the door from the hallway, interrupting Officer Jenkins.

21. Defendant Mitchell then entered the 'Police Room' asked if he came in at a bad time. Officer Jenkins told Steven that he was lucky and sent him to class.

22. Steven was afraid Officer Jenkins was going to harm him and telephoned his mother, who was coming to the school later in the day for a meeting, and told her to come to the school sooner. Steven had previously been afraid that Officer Jenkins was going to harm him several weeks before when he stopped Steven, cuffed him, held with a shirt covering his head, and later had him taken to the police station where he was held but not charged.

23. Steven went to his first period algebra class. Officer Jenkins later came, removed him from class, and took him to the second floor police room where other students were

being questioned about the theft of a teacher's purse. Mitchell and Defendant Assistant Principal Justin Moore, Defendant Mitchell, and security guard Johnson were also present in the room.

24. During the questioning, Officer Jenkins told Steven to stand up and said he was going to hit him. He yelled to Jenkins to stop lying and ordered the students, teachers, and everyone else in the room to leave.

25. Officer Jenkins was alone with Steven and closed the door. He yelled at Steven and slapped him with a fist in the face three times. While he was being slapped, Steven asked why Officer Jenkins was hitting him.

26. Plaintiff Velva Sweezer, Steven's mother, was preparing to attend a meeting that involved the transfer of her son out of Lincoln Park High School because of a previous inappropriate confrontation between Steven and Defendant Officer Jenkins while he was working as a security guard at the school. Approximately 30 minutes before the meeting, Sweezer received the telephone call from her son. She Sweezer immediately hailed a cab and went to the school.

27. While walking toward the entrance of the school, Sweezer heard what she thought were the screams of a child coming from inside the school, so she began running toward the entrance.

28. Before Sweezer could reach the school's main entrance, the student that Steven was told to accuse of a crime ran out of the building and yelled to Sweezer that Officer Jenkins had her son and was beating him.

29. Sweezer, who was already running, continued through the entrance of the school, ran past the security guard station and up the stairs to where she thought the screams were

coming.

30. Once upstairs and in front of the door where she thought the screams were coming from, Sweezer saw Assistant Principal Justin Moore and two unidentified security guards standing in front of the door.

31. As Sweezer approached them she asked, "Why are you standing there while someone is beating my child?" They ran away from the door without replying and went down the stairs.

32. At no time did Assistant Principal Justin Moore, any of the unnamed officers or Security Supervisor Eric Mitchell intervene to stop Jenkins from beating Steven.

33. Immediately thereafter, Sweezer opened the door and saw Steven sitting in a chair and Officer Jenkins standing over him with one knee on her son's thigh. His hand was raised as if to strike Steven.

34. Sweezer asked Officer Jenkins, "What are you doing to my child?" and he replied, "You are going to jail." Officer Jenkins then attempted to hit Moore.

35. Sweezer wedged herself between Officer Jenkins and Steven in an attempt to block Officer Jenkins blow.

36. Officer Jenkins then radioed other Police Officers and grabbed Sweezer, who was not resisting, by her arm and continuously twisted her arm.

37. Sweezer asked Officer Jenkins "Why are you doing this?" Her son Steven pleaded with Officer Jenkins to let his mother go because she had just had a stroke. Officer Jenkins persisted in adding pressure to Sweezer's arm despite being informed of her past medical history.

38. The other Officers arrived within two minutes of being called and when they arrived

Officer Jenkins was still twisting Sweezer's arm so severely that the arriving Officers on sight asked him to stop, let her go, and let them handle it. Officer Jenkins persisted in twisting Sweezer's arm.

39. The officers with the squad-roll then arrived and demanded that Officer Jenkins release Sweezer, at that point Officer Jenkins released Sweezer and demanded that both Sweezer and Moore be placed under arrest. The squad-roll Officers then placed Sweezer under arrest and Officer Jenkins handcuffed on Steven.

40. Officer Jenkins handcuffed Steven so tightly that they caused Steven pain and left visible bruises and marks.

41. Once at the Police Station, Sweezer was being searched and attended to by the female Officers. Officer Jenkins' harassment became so incessant that the female Officer that was searching Sweezer had to inform him that she could handle Sweezer without his help.

42. Also at the station Sweezer learned that Officer Jenkins put the cuffs on Moore so tight that they cut into the skin on his wrists.

43. As Sweezer continued being processed she was again approached by Officer Jenkins and she informed him that she would be taking him to court for his abuse and false arrest of both her and her son. Officer Jenkins replied, "I've never lost a case."

44. After being held for approximately 4 hours, a police officer informed Sweezer that her son Steven would not be charged and that she could call someone to pick him up from the Police Station. At this point Officer Jenkins told Sweezer, "Since I can't get your son, I got you."

45. Sweezer was charged with Obstruction of Justice and Resisting Arrest.

## COUNT I—Unlawful Seizure Of Steven Moore
## 42 USC § 1983

46. Plaintiffs reallege and reincorporate all previous paragraphs.

47. As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Steven Moore.

48. More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Steven Moore without probable cause, without a warrant for his arrest, without reasonable suspicion, or without any true belief or indicia that he had committed any crime.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Steven Moore.

50. The misconduct described in this Count was caused and participated in by Defendants Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

51. As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress, and anguish.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

## COUNT II—False Arrest and Unlawful Detention of Steven Moore
## 42 USC § 1983

52. Plaintiffs reallege and reincorporate all previous paragraphs.

53. Defendant Officers caused Plaintiff Steven Moore to be detained at the Lincoln Park High School where he was interrogated and physically attacked by Defendant Officer Jenkins.

54. Defendant Officer Jenkins also caused Steven to be arrested and detained following his interrogation and attack of Steven, wherein he damaged both of Steven's wrists when handcuffing him. Steven was then held at the Chicago Police department for an unreasonable amount of time before the Defendant Officers realized that there was no evidence of criminal behavior by Steven Moore and allowed him to leave.

55. As a result of Defendant Officers' false arrest and unlawful detention and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

## COUNT III—Use Of Excessive Force Against Steven Moore
## 42 USC § 1983

56. Plaintiffs reallege and reincorporate all previous paragraphs.

57. Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

58. At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Jenkins to assault and batter Plaintiff.

59. The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

60. As a proximate result of all of the aforementioned actions by Defendant Officer Jenkins, Steven Moore sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

61. The acts of Officer Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

62. The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

63. As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable

attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

## COUNT IV—Conspiracy to Interfere with the Rights of Steven Moore
## 42 USC § 1983

64. Plaintiff realleges and reincorporates all previous paragraphs.

65. Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell conspired and falsely arrested and detained Plaintiff Steven Moore without justification and without probable cause.

66. As a result of the concerted unlawful and malicious conspiracy of Defendants Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Steven Moore was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

67. As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs and expenses and such further relief that this Honorable Court

deems just.

## COUNT V – State Battery Claim By Steven Moore

68. Plaintiff realleges and reincorporates all previous paragraphs.

69. Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

70. Without the consent of Plaintiff, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by hitting him in the face and harming his wrists.

71. Jenkins' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VI – State Assault Claim By Steven Moore

72. Plaintiff realleges and reincorporates all previous paragraphs.

73. Acting under color of law, Officer Jenkins worked a denial of Plaintiff's rights by assaulting him.

74. Plaintiff is a reasonable person.

75. Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

76. Defendant Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHERFORE, because Defendant Officer Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT VII—Unlawful Seizure Of Velva Sweezer

77. Plaintiffs reallege and reincorporate all previous paragraphs.

78. As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Velva Sweezer.

79. More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Sweezer without probable cause, without a warrant for her arrest, without reasonable suspicion, or without any true belief or indicia that she had committed any crime.

80. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Plaintiff Sweezer.

81. The misconduct described in this Count was caused and participated in by Defendants Officer Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

82. As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress, and anguish.

WHEREFORE, Plaintiff Sweezer requests that judgment be entered in her favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

### COUNT VIII—Use Of Excessive Force Against Velva Sweezer
### 42 USC § 1983

83. Plaintiffs reallege and reincorporate all previous paragraphs.

84. Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

85. At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Officer Jenkins to assault and batter Plaintiff.

86. The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

87. As a proximate result of all of the aforementioned actions by Officer Jenkins, Sweezer sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

88. The acts of the Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

89. The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

90. As a direct and proximate result of the malicious actions of Jenkins and the acts and

omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff Steven Sweezer requests that judgment be entered in her favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

## COUNT IX—Conspiracy to Interfere with the Rights of Velva Sweezer
## 42 USC § 1983

91. Plaintiff realleges and reincorporates all previous paragraphs.

92. As a result of the concerted unlawful and malicious conspiracy of Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Velva Sweezer was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

93. As a direct and proximate result of this conspiracy, Plaintiff Sweezer was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff Velva Sweezer requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs and expenses and such further relief that this Honorable Court deems just.

### COUNT X – State Battery Claim By Velva Sweezer

94. Plaintiffs reallege and reincorporate all previous paragraphs.

95. Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used against Plaintiff Sweezer.

96. Without the consent of Sweezer, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by squeezing and twisting her arm with excessive force.

97. Jenkins' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Sweezer's rights.

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT XI– State Assault Claim By Velva Sweezer

98. Plaintiffs reallege and reincorporate all previous paragraphs.

99. Acting under color of law, Officer Jenkins worked a denial of Sweezer's rights by assaulting her.

100. Plaintiff Sweezer is a reasonable person.

101. Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

102. Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHERFORE, because Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT XII—Respondeat Superior
### 745 ILCS 10/9-102

103. Plaintiffs reallege and reincorporate all of the allegations in the preceding paragraphs.

104. In committing the acts alleged in above, each individual defendant was acting within his scope of employment with the City of Chicago and/or the Chicago Board of Education

105. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

106. As a proximate cause of Defendant Officers' unlawful acts as well as the acts and omissions of Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiffs suffered physical and emotional injuries enumerated above.

WHEREFORE, Plaintiffs demand judgment against Defendant Chicago Board of Education and Defendant City of Chicago for actual and compensatory damages in an

amount deemed at time of trial to be fair and just, as well as reasonable attorneys'

fees and legal costs.

### DEMAND FOR JURY TRIAL IS MADE

Respectfully Submitted,

/s/ Jon Erickson /s/

Jon Erickson  ARDC: 6205277

Erickson & Oppenheimer, LLC
4554 N. Broadway | Suite 325
Chicago, IL 60640
773.935.3130