## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 C 01818 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Milton I. Shadur |
| JENKINS)(STAR #5282), UNNAMED | ) | Magistrate Judge Morton Denlow |
| CHICAGO POLICE OFFICERS/SECURITY | ) | |
| GUARDS, JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOARD'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW

Defendant Board of Education of the City of Chicago ("Board"), by one of its

attorneys Assistant General Counsel Jennifer Y. Wu, submits the following answer

and affirmative defenses to plaintiffs' complaint at law:

Answering the specific allegations of plaintiffs' complaint, Defendant Board

admits, denies, or otherwise avers as follows:

### Introduction

1.      This is a civil action brought pursuant to 42 U.S.C § 1983 seeking damages
against defendants for committing acts under color of law that deprived Plaintiffs of
their rights secured by the Constitution and laws of the United States and contains
some attendant state claims.

**ANSWER:   Defendant Board ADMITS that plaintiffs purport to bring an action**

**pursuant to 42 U.S.C. § 1983 and Illinois state law but DENIES any act or omission**

**which would give rise to liability.**

2.      Plaintiff Steven Moore was unlawfully seized and falsely imprisoned by
the defendants who used excessive force.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 2.**

3.    Plaintiff Velva Sweezer was unlawfully seized and falsely imprisoned by the defendants who used excessive force.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 3.**

## Jurisdiction and Venue

4.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and pendent jurisdiction for attendant state claims as provided under U.S.C., [*sic*] § 1367(a).

**ANSWER:    Defendant Board ADMITS the allegations contained in Paragraph 4.**

5.    Venue is proper under 28 U.S.C. § 1391(b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**ANSWER:    Defendant Board ADMITS that venue lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 5. Defendant Board DENIES the remaining allegations contained in Paragraph 5.**

## The Parties

6.    Velva Sweezer is the mother of Steven Moore, a former student at Lincoln Park High School. They both reside at 455 W. Evergreen, Apt. 8, Chicago, IL 60610.

**ANSWER:    Defendant Board ADMITS that Velva Sweezer purports to be the mother of Steven Moore, a former student at Lincoln Park High School. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 6.**

7.    Defendant Officer Tyrone Jenkins (Star #5282) is a present employee of the Chicago Police Department. At the time of the incident, Jenkins was employed by the

Chicago Public Schools as a security guard. At all relevant times, Officer Jenkins acted under the scope of his employment and under color of law.

**ANSWER:  Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 7.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to whether Officer Jenkins was acting within the scope of his employment and under color of law. Defendant Board DENIES that Officer Jenkins is or was an employee of the Board of Education of the City of Chicago, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of Chicago employee.  Defendant Board further DENIES the remaining allegations contained in Paragraph 7.**

8.      Defendants Unnamed Police Officers/Security Guards are present or former employees of the Chicago Police Department. At all relevant times, the unnamed police officers/security guards acted under the scope of their employment and under color of law.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 8.**

9.      Defendant Justin Moore was employed by the Chicago Public Schools as Assistant Principal of Lincoln Park High School. At all relevant times, Justin Moore acted under the scope of his employment and under color of law.

**ANSWER:  Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 9. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.**

10.      Defendant Eric Mitchell was employed by the Chicago Public Schools as a Security Supervisor at Lincoln Park High School. At all relevant times, Eric Mitchell acted under the scope of his employment and under color of law.

**ANSWER:  Defendant Board ADMITS that Eric Mitchell is an employee of the**

Chicago Public Schools and is a security officer assigned to Lincoln Park High School.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to the remaining allegations contained in Paragraph 10.

11.     The Chicago Board of Education, at all relevant times, was a duly created entity in Chicago, Illinois, and was the employer of Jenkins and Unnamed Police Officers/Security Guards.

<u>ANSWER</u>:  Defendant Board ADMITS that it is a body corporate and politic organized pursuant to the laws of the State of Illinois to manage and operate the Chicago Public Schools ("CPS").  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of whether it was the employer of Unnamed Police Officers/Security Guards. Defendant Board DENIES that Officer Jenkins is or was an employee of the Board of Education of the City of Chicago, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of Chicago employee. Defendant Board further DENIES the remaining allegations contained in Paragraph 11.

12.     Defendant City of Chicago is a municipal corporation organized under the laws of State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

<u>ANSWER</u>:  Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 12.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

<u>Background Facts</u>

13.     On the morning of March 30, 2007, Steven Moore was stopped by

Defendant Security Supervisor Eric Mitchell inside the entrance to Lincoln Park High School, 2001 N. Orchard, Chicago, IL 60610. Defendant Mitchell told Steven another student, Jarvis Jones, to wait there for Defendant Officer Tyrone Jenkins to arrive at the school.

**ANSWER**:    **Defendant Board DENIES the allegations contained in Paragraph 13.**

14.    Approximately ten minutes later Officer Jenkins arrived in his Chicago Police Department uniform, which includes a blue shirt, tool belt, and handcuffs. He took Steven and Jones upstairs to the 'Police Room,' with Officer Jenkins walking in front of Steven and Mitchell walking behind them.

**ANSWER:    Defendant Board ADMITS that Officer Jenkins was wearing his Chicago Police Department uniform. Defendant Board DENIES the allegations contained in Paragraph 14.**

15.    Steven asked why he was stopped and Officer Jenkins told him to shut up. Officer Jenkins used a key to gain access to the 'Police Room,' and Officer Jenkins pushed Steven into the 'Police Room' and closed the door behind them. Jarvis Jones remained in the hallway at Officer Jenkin's request.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Officer Jenkins' use of a key to gain access to the "Police Room."  Defendant Board DENIES the remaining allegation contained in Paragraph 15.**

16.    Once inside the 'Police Room," Officer Jenkins grabbed Steven by the collar and shoved him up against the door.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 16.**

17.    Officer Jenkins pinned Steven against the door, continued his grip on Steven's collar and raised his right fist as if to punch Steven in face.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 17.**

18.    While in this position, Officer Jenkins made several quick, short, forward motions with his fist bringing his fist within inches of Steven's face. During this time,

Officer Jenkins repeatedly told Steven to hit him.

**ANSWER**:    Defendant Board DENIES the allegation contained in Paragraph 18.

19.    During this time, Officer Jenkins told Steven he wanted Steven to "do something." "Go ahead, do it. I want you to," he repeated.

**ANSWER**:    Defendant Board DENIES the allegation contained in Paragraph 19.

20.    While Officer Jenkins held Steven in this position, someone attempted to open the door from the hallway, interrupting Officer Jenkins.

**ANSWER**:    Defendant Board DENIES the allegation contained in Paragraph 20

21.    Defendant Mitchell then entered the 'Police Room' asked if he came in at a bad time.  Officer Jenkins told Steven that he was lucky and sent him to class.

**ANSWER**:    Defendant Board DENIES the allegation contained in Paragraph 21.

22.    Steven was afraid Officer Jenkins was going to harm him and telephoned his mother, who was coming to the school later in the day for a meeting, and told her to come to the school sooner. Steven had previously been afraid that Officer Jenkins was going to harm him several weeks before when he stopped Steven, cuffed him, held with a shirt covering his head, and later had him taken to the police station where he was held but not charged.

**ANSWER**:    Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 22.

23.    Steven went to his first period algebra class. Officer Jenkins later came, removed him from class, and took him to the second floor police room where other students were being questioned about the theft of a teacher's purse. Mitchell and Defendant Assistant Principal Justin Moore, Defendant Mitchell, and security guard Johnson were also present in the room.

**ANSWER**:    Defendant Board DENIES the allegations contained in Paragraph 23.

24.    During the questioning, Officer Jenkins told Steven to stand up and said he was going to hit him. He yelled to Jenkins to stop lying and ordered the students, teachers, and everyone else in the room to leave.

**ANSWER**:    Defendant Board DENIES the allegations contained in Paragraph 24.

25.     Officer Jenkins was alone with Steven and closed the door. He yelled at Steven and slapped him with a fist in the face three times. While he was being slapped, Steven asked why Officer Jenkins was hitting him.

**ANSWER:**   **Defendant Board DENIES the allegations contained in Paragraph 25.**

26.     Plaintiff Velva Sweezer, Steven's mother, was preparing to attend a meeting that involved the transfer of her son out of Lincoln Park High School because of a previous inappropriate confrontation between Steven and Defendant Officer Jenkins while he was working as a security guard at the school. Approximately 30 minutes before the meeting, Sweezer received the telephone call from her son. She Sweezer immediately hailed a cab and went to the school.

**ANSWER:**   **Defendant Board DENIES the allegations contained in the first sentence of Paragraph 26.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.**

27.     While walking toward the entrance of the school, Sweezer heard what she thought were the screams of a child coming from inside the school, so she began running toward the entrance.

**ANSWER:** **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.**

28.     Before Sweezer could reach the school's main entrance, the student that Steven was told to accuse of a crime ran out of the building and yelled to Sweezer that Officer Jenkins had her son and was beating him.

**ANSWER:** **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.**

29.     Sweezer, who was already running, continued through the entrance of the school, ran past the security guard station and up the stairs to where she thought the screams were coming.

**ANSWER:**   **Defendant Board ADMITS that Sweezer proceeded past the security guard station without signing in. Defendant Board lacks knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations contained in**

**Paragraph 29.**

30.     Once upstairs and in front of the door where she thought the screams were coming from, Sweezer saw Assistant Principal Justin Moore and two unidentified security guards standing in front of the door.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 30.**

31.     As Sweezer approached them she asked, "Why are you standing there while someone is beating my child?"  They ran away from the door without replying and went down the stairs.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 31.**

32.     At no time did Assistant Principal Justin Moore, any of the unnamed officers or Security Supervisor Eric Mitchell intervene to stop Jenkins from beating Steven.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a**

**belief as to allegations concerning the unnamed security officers.  Defendant Board**

**DENIES that any event occurred that merited any intervention by Justin Moore or**

**Eric Mitchell, and therefore DENIES the remaining allegations contained in**

**Paragraph 32.**

33.     Immediately thereafter, Sweezer opened the door and saw Steven sitting in a chair and Officer Jenkins standing over him with one knee on her son's thigh. His hand was raised as if to strike Steven.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 33.**

34.     Sweezer asked Officer Jenkins, "What are you doing to my child?" and he replied, "You are going to jail." Officer Jenkins then attempted to hit Moore.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 34.**

35.     Sweezer wedged herself between Officer Jenkins and Steven in an attempt to block Officer Jenkins blow.

**ANSWER:   Defendant Board ADMITS that Sweezer wedged herself between Officer Jenkins and Steven but DENIES the remaining allegations contained in Paragraph 35.**

36.     Officer Jenkins then radioed other Police Officers and grabbed Sweezer, who was not resisting, by her arm and continuously twisted her arm.

**ANSWER:   Defendant Board ADMITS that Officer Jenkins radioed other police officers for assistance.   Defendant Board DENIES the remaining allegations contained in Paragraph 36.**

37.     Sweezer asked Officer Jenkins "Why are you doing this?" Her son Steven pleaded with Officer Jenkins to let his mother go because she had just had a stroke. Officer Jenkins persisted in adding pressure to Sweezer's arm despite being informed of her past medical history.

**ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 37.**

38.     The other Officers arrived within two minutes of being called and when they arrived Officer Jenkins was still twisting Sweezer's arm so severely that the arriving Officers on sight asked him to stop, let her go, and let them handle it. Officer Jenkins persisted in twisting Sweezer's arm.

**ANSWER: Defendant Board ADMITS that other police officers arrived after Officer Jenkins radioed for assistance. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.**

39.     The officers with the squad-roll then arrived and demanded that Officer Jenkins release Sweezer, at that point Officer Jenkins released Sweezer and demanded that both Sweezer and Moore be placed under arrest. The squad-roll Officers then

placed Sweezer under arrest and Officer Jenkins handcuffed on Steven.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.**

40.    Officer Jenkins handcuffed Steven so tightly that they caused Steven pain and left visible bruises and marks.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.**

41.    Once at the Police Station, Sweezer was being searched and attended to by the female Officers. Officer Jenkins' harassment became so incessant that the female Officer that was searching Sweezer had to inform him that she could handle Sweezer without his help.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.**

42.    Also at the station Sweezer learned that Officer Jenkins put the cuffs on Moore so tight that they cut into the skin on his wrists.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.**

43.    As Sweezer continued being processed she was again approached by Officer Jenkins and she informed him that she would be taking him to court for his abuse and false arrest of both her and her son. Officer Jenkins replied, "I've never lost a case."

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.**

44.    After being held for approximately 4 hours, a police officer informed Sweezer that her son Steven would not be charged and that she could call someone to pick him up from the Police Station. At this point Officer Jenkins told Sweezer, "Since I can't get your son, I got you."

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.**

45.     Sweezer was charged with Obstruction of Justice and Resisting Arrest.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.**

<u>COUNT I</u>
**Unlawful Seizure Of Steven Moore**
**42 USC § 1983**

46.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER**:    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

47.     As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Steven Moore.

**ANSWER**:    **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to whether Officer Jenkins was acting under color of law. Defendant Board DENIES the remaining allegations contained in Paragraph 47.**

48.     More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Steven Moore without probable cause, without a warrant for his arrest, without reasonable suspicion, or without any true belief or indicia that he had committed any crime.

**ANSWER**:    **Defendant Board DENIES the allegations contained in Paragraph 48.**

49.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Steven Moore.

**ANSWER**:    **Defendant Board DENIES the allegations contained in Paragraph 49.**

50.     The misconduct described in this Count was caused and participated in by Defendants Jenkins, Unnamed Officers as members of the Chicago Police Department,

and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 50.**

51.    As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 51.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT II**
**False Arrest and Unlawful Detention of Steven Moore**
**42 USC § 1983**

52.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all previous paragraphs.**

53.    Defendant Officers caused Plaintiff Steven Moore to be detained at the Lincoln Park High School where he was interrogated and physically attacked by Defendant Officer Jenkins.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the allegations regarding the unnamed officers.    Defendant Board DENIES the remaining allegations contained in Paragraph 53.**

54.     Defendant Officer Jenkins also caused Steven to be arrested and detained following his interrogation and attack of Steven, wherein he damaged both of Steven's wrists when handcuffing him. Steven was then held at the Chicago Police department for an unreasonable amount of time before the Defendant Officers realized that there was no evidence of criminal behavior by Steven Moore and allowed him to leave.

**ANSWER:     Defendant Board DENIES the allegations contained in the first sentence of in Paragraph 54.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54.**

55.     As a result of Defendant Officers' false arrest and unlawful detention and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**ANSWER:     Defendant Board lacks knowledge or information sufficient to form a belief as to the allegations regarding the unnamed officers. Defendant Board DENIES the remaining allegations contained in Paragraph 55.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:     Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

<u>COUNT III</u>
**Use Of Excessive Force Against Steven Moore**
**42 USC § 1983**

56.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:     Defendant Board incorporates by reference its answers to all previous paragraphs.**

57.     Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:     Defendant Board DENIES the allegations contained in Paragraph 57.**

58.     At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Jenkins to assault and batter Plaintiff.

**ANSWER:     Defendant Board DENIES that Officer Jenkins assaulted or battered Steven Moore, and therefore ADMITS the remaining allegations contained in Paragraph 58.**

59.     The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER:     Defendant Board DENIES the allegations contained in Paragraph 59.**

60.     As a proximate result of all of the aforementioned actions by Defendant Officer Jenkins, Steven Moore sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER:     Defendant Board DENIES the allegations contained in Paragraph 60.**

61.     The acts of Officer Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:     Defendant Board DENIES the allegations contained in Paragraph 61.**

62.     The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:     Defendant Board DENIES the allegations contained in Paragraph 62.**

63.     As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 63.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT IV**
**Conspiracy to Interfere with the Rights of Steven Moore**
**42 U.S.C. § 1983**

64.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

65.    Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell conspired and falsely arrested and detained Plaintiff Steven Moore without justification and without probable cause.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 65.**

66.    As a result of the concerted unlawful and malicious conspiracy of Defendants Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Steven Moore was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 66.**

67.    As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 67.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT V**
**State Battery Claim By Steven Moore**

68.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

69.    Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 69.**

70.    Without the consent of Plaintiff, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by hitting him in the face and harming his wrists.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 70.**

71.    Jenkins' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 71.**

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for**

**relief contained in the above paragraph.**

COUNT VI
State Assault Claim By Steven Moore

72.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all previous**

**paragraphs.**

73.    Acting under color of law, Officer Jenkins worked a denial of Plaintiff's
rights by assaulting him.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a**

**belief as to whether Officer Jenkins was acting under color of law.  Defendant Board**

**DENIES the remaining allegations contained in Paragraph 73.**

74.    Plaintiff is a reasonable person.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 74.**

75.    Any reasonable person would also have become apprehensive in the face
of Officer Jenkins' threatening conduct.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 75.**

76.    Defendant Officer Jenkins' conduct that resulted in this assault was
undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 76.**

WHEREFORE, because Defendant Officer Jenkins created an apprehension of

immediate physical harm, Plaintiff requests actual and compensatory damages in an

amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

COUNT VII
**Unlawful Seizure Of Velva Sweezer**

77.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Board incorporates its answers to all previous paragraphs.**

78.     As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Velva Sweezer.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to whether Officer Jenkins was acting under color of law.  Defendant Board DENIES the remaining allegations contained in Paragraph 78.**

79.     More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Sweezer without probable cause, without a warrant for her arrest, without reasonable suspicion, or without any true belief or indicia that she had committed any crime.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 79.**

80.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Plaintiff Sweezer.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 80.**

81.     The misconduct described in this Count was caused and participated in by Defendants Officer Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 81.**

82.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER:**   **Defendant Board DENIES the allegations contained in Paragraph 82.**

WHEREFORE, Plaintiff Sweezer requests that judgment be entered in her favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**   **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT VIII**
**Use Of Excessive Force Against Velva Sweezer**
**42 USC § 1983**

83.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:**   **Defendant Board incorporates by reference its answers to all previous paragraphs.**

84.    Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:**   **Defendant Board DENIES the allegations contained in Paragraph 84.**

85.    At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Officer Jenkins to assault and batter Plaintiff.

**ANSWER:**   **Defendant Board DENIES that Officer Jenkins assaulted or battered Velva Sweezer, and therefore ADMITS the remaining allegations contained in Paragraph 85.**

86.    The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER:**   **Defendant Board DENIES the allegations contained in Paragraph 86.**

87.    As a proximate result of all of the aforementioned actions by Officer

Jenkins, Sweezer sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 87.**

88.    The acts of the Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 88.**

89.    The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 89.**

90.    As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 90.**

WHEREFORE, Plaintiff Steven [*sic*] Sweezer requests that judgment be entered in her favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

### COUNT IX
### Conspiracy to Interfere with the Rights of Velva Sweezer
### 42 USC § 1983

91.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER**:    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

92.    As a result of the concerted unlawful and malicious conspiracy of Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Velva Sweezer was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 92.**

93.    As a direct and proximate result of this conspiracy, Plaintiff Sweezer was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 93.**

WHEREFORE, Plaintiff Velva Sweezer requests that judgment be entered in his [*sic*] favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

<u>COUNT X</u>
**State Battery Claim By Velva Sweezer**

94.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER**:    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

95.    Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used against Plaintiff Sweezer.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 95.**

96.    Without the consent of Sweezer, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by squeezing and twisting her arm with excessive force.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 96.**

97.    Jenkins' conduct that resulted in these batteries were [*sic*] undertaken with malice, willfulness and reckless indifference to Sweezer's rights.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 97.**

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

### COUNT XI
### State Assault Claim By Velva Sweezer

98.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:**    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

99.    Acting under color of law, Officer Jenkins worked a denial of Sweezer's rights by assaulting her.

**ANSWER:**    **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of whether Officer Jenkins was acting under color of law. Defendant Board DENIES the remaining allegations contained in Paragraph 99.**

100.    Plaintiff Sweezer is a reasonable person.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 100.**

101.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 101.**

102.    Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiffs rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 102.**

WHEREFORE, because Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT XII**
**Respondeat Superior**
**745 ILCS 10/9-102**

103.    Plaintiffs reallege and reincorporate all of the allegations in the preceding paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all of the allegations in the preceding paragraphs.**

104.    In committing the acts alleged in above, each individual defendant was acting within his scope of employment with the City of Chicago and/or the Chicago Board of Education.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to whether any City of Chicago employee was acting within the scope of his employment.  Defendant Board DENIES that Officer Jenkins is or was an employee of the Board of Education of the City of Chicago, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of**

**Chicago employee.   Defendant Board DENIES that it committed any of the acts alleged in the above paragraphs, and therefore DENIES the remaining allegations contained in Paragraph 104.**

105.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  745 ILCS 10/9-102.

**<u>ANSWER</u>:    Defendant Board DENIES that Paragraph 105 is an accurate and complete statement of 745  ILCS 10/9-102, and accordingly DENIES the allegations contained in Paragraph 105.**

106.    As a proximate cause of Defendant Officers' unlawful acts as well as the acts and omissions of Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiffs suffered physical and emotional injuries enumerated above.

**<u>ANSWER</u>:    Defendant Board DENIES the allegations contained in Paragraph 106.**

WHEREFORE, Plaintiff demands judgment against Defendant Chicago Board of Education and Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be just, fair, as well as reasonable attorneys' fees and legal costs.

**<u>ANSWER</u>:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent that plaintiffs are entitled to recover damages from Defendant Board, plaintiffs' recovery should be limited, based on plaintiffs' own conduct, by using the principals of comparative fault.

### Second Affirmative Defense

To the extent that plaintiff is entitled to recover damages from Defendant Board, plaintiffs' recovery should be limited to the extent that plaintiffs failed to properly mitigate damages.

### Third Affirmative Defense

Plaintiffs are not entitled to recover any attorneys' fees for their state claims.

### Fourth Affirmative Defense

Plaintiffs' prayer for punitive damages must fail as Defendant Board is a public entity and is immune from liability to pay punitive or exemplary damages. 745 ILCS 10/2-213.

### Fifth Affirmative Defense

Defendant Board is immune from liability as to plaintiffs' state claims pursuant to 745 ILCS 10/2-109 because it is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

### Sixth Affirmative Defense

As to plaintiff's state law claim, Defendant Board is immune from liability for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

<u>Seventh Affirmative Defense</u>

Plaintiff Sweezer's claims of unlawful seizure and conspiracy are barred by *Heck v. Humphreys*, 512 U.S. 477 (1994).

**JURY DEMAND**

Defendant Board of Education of the City of Chicago demands a trial by jury.

Dated: <u>June 5, 2008</u>

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

By:     <u>s/ Jennifer Y. Wu</u>
Jennifer Y. Wu
Assistant General Counsel
Board of Education of the City of Chicago
125 S. Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1720

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the attached **Defendant Board's Answer to Plaintiffs' Complaint** to be served upon counsels of record *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), on the 5th day of June, 2008.

<u>s/ Jennifer Y. Wu</u>