**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 C 01818 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Milton I. Shadur |
| JENKINS)(STAR #5282), UNNAMED | ) | Magistrate Judge Morton Denlow |
| CHICAGO POLICE OFFICERS/SECURITY | ) | |
| GUARDS, JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD  OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ERIC MITCHELL'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW**

Defendant Eric Mitchell ("Mitchell"), by his attorney Assistant General

Counsel Sabrina Haake, submits the following answer and affirmative defenses to

plaintiffs' complaint at law:

Answering the specific allegations of plaintiffs' complaint, Defendant Mitchell

admits, denies, or otherwise avers as follows:

**Introduction**

1.      This is a civil action brought pursuant to 42 U.S.C § 1983 seeking damages
against defendants for committing acts under color of law that deprived Plaintiffs of
their rights secured by the Constitution and laws of the United States and contains
some attendant state claims.

**ANSWER:   Defendant Mitchell ADMITS that plaintiffs purport to bring an action**

**pursuant to 42 U.S.C. § 1983 and Illinois state law but DENIES any act or omission**

**which would give rise to liability.**

2.      Plaintiff Steven Moore was unlawfully seized and falsely imprisoned by
the defendants who used excessive force.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 2.**

3.     Plaintiff Velva Sweezer was unlawfully seized and falsely imprisoned by the defendants who used excessive force.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 3.**

## Jurisdiction and Venue

4.     This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and pendent jurisdiction for attendant state claims as provided under U.S.C., [*sic*] § 1367(a).

**ANSWER:     Defendant Mitchell ADMITS the allegations contained in Paragraph 4.**

5.     Venue is proper under 28 U.S.C. § 1391(b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**ANSWER:     Defendant Mitchell ADMITS that venue lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 5. Defendant Mitchell DENIES the remaining allegations contained in Paragraph 5.**

## The Parties

6.     Velva Sweezer is the mother of Steven Moore, a former student at Lincoln Park High School. They both reside at 455 W. Evergreen, Apt. 8, Chicago, IL 60610.

**ANSWER:     Defendant Mitchell ADMITS that Velva Sweezer purports to be the mother of Steven Moore, a former student at Lincoln Park High School.  Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 6.**

7.     Defendant Officer Tyrone Jenkins (Star #5282) is a present employee of the Chicago Police Department. At the time of the incident, Jenkins was employed by the

Chicago Public Schools as a security guard. At all relevant times, Officer Jenkins acted under the scope of his employment and under color of law.

**ANSWER:   Defendant Mitchell ADMITS the allegations contained in the first sentence of Paragraph 7.   Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7.**

8.      Defendants Unnamed Police Officers/Security Guards are present or former employees of the Chicago Police Department. At all relevant times, the unnamed police officers/security guards acted under the scope of their employment and under color of law.

**ANSWER: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 8.**

9.      Defendant Justin Moore was employed by the Chicago Public Schools as Assistant Principal of Lincoln Park High School. At all relevant times, Justin Moore acted under the scope of his employment and under color of law.

**ANSWER:   Defendant Mitchell ADMITS the allegations contained in the first sentence of Paragraph 9. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.**

10.     Defendant Eric Mitchell was employed by the Chicago Public Schools as a Security Supervisor at Lincoln Park High School. At all relevant times, Eric Mitchell acted under the scope of his employment and under color of law.

**ANSWER:    Defendant Mitchell ADMITS the allegations contained in Paragraph 10.**

11.     The Chicago Board of Education, at all relevant times, was a duly created entity in Chicago, Illinois, and was the employer of Jenkins and Unnamed Police Officers/Security Guards.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.**

12.    Defendant City of Chicago is a municipal corporation organized under the laws of State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.**

### Background Facts

13.    On the morning of March 30, 2007, Steven Moore was stopped by Defendant Security Supervisor Eric Mitchell inside the entrance to Lincoln Park High School, 2001 N. Orchard, Chicago, IL 60610. Defendant Mitchell told Steven and another student, Jarvis (sic) Jones, to wait there for Defendant Officer Tyrone Jenkins to arrive at the school.

**ANSWER:    Defendant Mitchell ADMITS the allegations contained in Paragraph 13.**

14.    Approximately ten minutes later Officer Jenkins arrived in his Chicago Police Department uniform, which includes a blue shirt, tool belt, and handcuffs. He took Steven and Jones upstairs to the 'Police Room,' with Officer Jenkins walking in front of Steven and Mitchell walking behind them.

**ANSWER:    Defendant Mitchell ADMITS the allegations contained in Paragraph 14.**

15.    Steven asked why he was stopped and Officer Jenkins told him to shut up. Officer Jenkins used a key to gain access to the 'Police Room,' and Officer Jenkins pushed Steven into the 'Police Room' and closed the door behind them. Jarvis Jones remained in the hallway at Officer Jenkin's request.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Plaintiff said when he was stopped and what Officer Jenkins said in response.  Defendant Mitchell ADMITS Officer Jenkins' use of a key to gain access to the "Police Room."  Defendant Mitchell ADMITS that Garvis Jones remained in the hallway and DENIES the remaining**

4

**allegations contained in Paragraph 15.**

16.     Once inside the 'Police Room," Officer Jenkins grabbed Steven by the collar and shoved him up against the door.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 16.**

17.     Officer Jenkins pinned Steven against the door, continued his grip on Steven's collar and raised his right fist as if to punch Steven in face.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 17.**

18.     While in this position, Officer Jenkins made several quick, short, forward motions with his fist bringing his fist within inches of Steven's face. During this time, Officer Jenkins repeatedly told Steven to hit him.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 18.**

19.     During this time, Officer Jenkins told Steven he wanted Steven to "do something." "Go ahead, do it. I want you to," he repeated.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 19.**

20.     While Officer Jenkins held Steven in this position, someone attempted to open the door from the hallway, interrupting Officer Jenkins.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 20**

21.     Defendant Mitchell then entered the 'Police Room' asked if he came in at a bad time.  Officer Jenkins told Steven that he was lucky and sent him to class.

<u>ANSWER</u>:     **Defendant Mitchell DENIES the allegation contained in Paragraph 21.**

22.     Steven was afraid Officer Jenkins was going to harm him and telephoned his mother, who was coming to the school later in the day for a meeting, and told her to come to the school sooner. Steven had previously been afraid that Officer Jenkins was going to harm him several weeks before when he stopped Steven, cuffed him, held with a shirt covering his head, and later had him taken to the police station where he was held but not charged.

<u>ANSWER</u>:     **Defendant Mitchell lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 22.**

23.    Steven went to his first period algebra class. Officer Jenkins later came, removed him from class, and took him to the second floor police room where other students were being questioned about the theft of a teacher's purse. Mitchell and Defendant Assistant Principal Justin Moore, Defendant Mitchell, and security guard Johnson were also present in the room.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the first sentence, and DENIES the remaining allegations contained in Paragraph 23.**

24.    During the questioning, Officer Jenkins told Steven to stand up and said he was going to hit him. He yelled to Jenkins to stop lying and ordered the students, teachers, and everyone else in the room to leave.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 24.**

25.    Officer Jenkins was alone with Steven and closed the door. He yelled at Steven and slapped him with a fist in the face three times. While he was being slapped, Steven asked why Officer Jenkins was hitting him.

**ANSWER:    Defendant Mitchell DENIES the first sentence, DENIES that Officer Jenkins yelled, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25.**

26.    Plaintiff Velva Sweezer, Steven's mother, was preparing to attend a meeting that involved the transfer of her son out of Lincoln Park High School because of a previous inappropriate confrontation between Steven and Defendant Officer Jenkins while he was working as a security guard at the school. Approximately 30 minutes before the meeting, Sweezer received the telephone call from her son. She Sweezer immediately hailed a cab and went to the school.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.**

27.    While walking toward the entrance of the school, Sweezer heard what she thought were the screams of a child coming from inside the school, so she began running toward the entrance.

**ANSWER**: **Defendant Mitchell DENIES that there "screams of a child" coming from inside the school, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.**

28.     Before Sweezer could reach the school's main entrance, the student that Steven was told to accuse of a crime ran out of the building and yelled to Sweezer that Officer Jenkins had her son and was beating him.

**ANSWER**: **Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.**

29.     Sweezer, who was already running, continued through the entrance of the school, ran past the security guard station and up the stairs to where she thought the screams were coming.

**ANSWER**:     **Defendant MITCHELL ADMITS that Sweezer proceeded past the security guard station without signing in, and without going through the metal detector. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.**

30.     Once upstairs and in front of the door where she thought the screams were coming from, Sweezer saw Assistant Principal Justin Moore and two unidentified security guards standing in front of the door.

**ANSWER**:     **Defendant Mitchell DENIES the allegations contained in Paragraph 30.**

31.     As Sweezer approached them she asked, "Why are you standing there while someone is beating my child?" They ran away from the door without replying and went down the stairs.

**ANSWER**:     **Defendant Mitchell DENIES the allegations contained in Paragraph 31.**

32.     At no time did Assistant Principal Justin Moore, any of the unnamed officers or Security Supervisor Eric Mitchell intervene to stop Jenkins from beating Steven.

**ANSWER**:     **Defendant Mitchell lacks knowledge or information sufficient to form a**

belief as to allegations concerning the unnamed security officers. Defendant

Mitchell DENIES that any event occurred that merited any intervention by Justin

Moore or Eric Mitchell, and therefore DENIES the remaining allegations contained in

Paragraph 32.

33.    Immediately thereafter, Sweezer opened the door and saw Steven sitting in a chair and Officer Jenkins standing over him with one knee on her son's thigh. His hand was raised as if to strike Steven.

ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a

belief as to allegations contained in Paragraph 33.

34.    Sweezer asked Officer Jenkins, "What are you doing to my child?" and he replied, "You are going to jail." Officer Jenkins then attempted to hit Moore.

ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a

belief as to allegations contained in Paragraph 34.

35.    Sweezer wedged herself between Officer Jenkins and Steven in an attempt to block Officer Jenkins blow.

ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 35.

36.    Officer Jenkins then radioed other Police Officers and grabbed Sweezer, who was not resisting, by her arm and continuously twisted her arm.

ANSWER:    Defendant Mitchell ADMITS that Officer Jenkins radioed other police

officers for assistance and lacks knowledge or information sufficient to form a belief

as to the remaining allegations contained in Paragraph 36.

37.    Sweezer asked Officer Jenkins "Why are you doing this?" Her son Steven pleaded with Officer Jenkins to let his mother go because she had just had a stroke. Officer Jenkins persisted in adding pressure to Sweezer's arm despite being informed of her past medical history.

ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a

belief as to the allegations contained in Paragraph 37.

38.     The other Officers arrived within two minutes of being called and when they arrived Officer Jenkins was still twisting Sweezer's arm so severely that the arriving Officers on sight asked him to stop, let her go, and let them handle it. Officer Jenkins persisted in twisting Sweezer's arm.

**ANSWER**: **Defendant Mitchell ADMITS that other police officers arrived very quickly after Officer Jenkins radioed for assistance. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.**

39.     The officers with the squad-roll then arrived and demanded that Officer Jenkins release Sweezer, at that point Officer Jenkins released Sweezer and demanded that both Sweezer and Moore be placed under arrest. The squad-roll Officers then placed Sweezer under arrest and Officer Jenkins handcuffed on Steven.

**ANSWER**: **Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.**

40.     Officer Jenkins handcuffed Steven so tightly that they caused Steven pain and left visible bruises and marks.

**ANSWER**: **Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.**

41.     Once at the Police Station, Sweezer was being searched and attended to by the female Officers. Officer Jenkins' harassment became so incessant that the female Officer that was searching Sweezer had to inform him that she could handle Sweezer without his help.

**ANSWER**: **Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.**

42.     Also at the station Sweezer learned that Officer Jenkins put the cuffs on Moore so tight that they cut into the skin on his wrists.

**ANSWER: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.**

43.     As Sweezer continued being processed she was again approached by Officer Jenkins and she informed him that she would be taking him to court for his abuse and false arrest of both her and her son. Officer Jenkins replied, "I've never lost a case."

**ANSWER: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.**

44.     After being held for approximately 4 hours, a police officer informed Sweezer that her son Steven would not be charged and that she could call someone to pick him up from the Police Station. At this point Officer Jenkins told Sweezer, "Since I can't get your son, I got you."

**ANSWER: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.**

45.     Sweezer was charged with Obstruction of Justice and Resisting Arrest.

**ANSWER: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.**

<u>COUNT I</u>
**Unlawful Seizure Of Steven Moore**
**42 USC § 1983**

46.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:   Defendant Mitchell incorporates by reference his answers to all previous paragraphs.**

47.     As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Steven Moore.

**ANSWER:     Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the truth as to whether Officer Jenkins was acting under color of law. Defendant Mitchell DENIES the remaining allegations contained in Paragraph 47.**

48.     More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Steven Moore without probable cause, without a warrant for his arrest, without reasonable suspicion, or without any true belief or indicia that he had committed any crime.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 48.**

49.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Steven Moore.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 49.**

50.     The misconduct described in this Count was caused and participated in by Defendants Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Mitchell of Education personnel in the manner described more fully above.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 50.**

51.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER:     Defendant Mitchell DENIES the allegations contained in Paragraph 51.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:    Defendant Mitchell DENIES that plaintiff is entitled to the request for**

**relief contained in the above paragraph.**

COUNT II
**False Arrest and Unlawful Detention of Steven Moore**
**42 USC § 1983**

52.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Mitchell incorporates by reference his answers to all**

**previous paragraphs.**

53.    Defendant Officers caused Plaintiff Steven Moore to be detained at the Lincoln Park High School where he was interrogated and physically attacked by Defendant Officer Jenkins.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a**

**belief as to the allegations regarding the unnamed officers.    Defendant Mitchell**

**DENIES the remaining allegations contained in Paragraph 53.**

54.    Defendant Officer Jenkins also caused Steven to be arrested and detained following his interrogation and attack of Steven, wherein he damaged both of Steven's wrists when handcuffing him. Steven was then held at the Chicago Police department for an unreasonable amount of time before the Defendant Officers realized that there was no evidence of criminal behavior by Steven Moore and allowed him to leave.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in the first**

**sentence of in Paragraph 54.    Defendant Mitchell lacks knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations contained in**

**Paragraph 54.**

55.    As a result of Defendant Officers' false arrest and unlawful detention and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**ANSWER:    Defendant Mitchell lacks knowledge or information sufficient to form a**

belief as to the allegations regarding the unnamed officers. **Defendant Mitchell**

**DENIES the remaining allegations contained in Paragraph 55.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his

favor and that he be awarded compensatory and punitive damages, reasonable

attorney's fees, costs and expenses and such further relief that this Honorable Court

deems just.

**ANSWER:    Defendant Mitchell DENIES that plaintiff is entitled to the request for**

**relief contained in the above paragraph.**

**COUNT III**
**Use Of Excessive Force Against Steven Moore**
**42 USC § 1983**

56.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Mitchell incorporates by reference his answers to all**

**previous paragraphs.**

57.    Jenkins did not have a reasonable basis for using any force, or, the amount
of force used.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 57.**

58.    At all times relevant to the allegations contained in this complaint, no
cause, legal or otherwise, existed for Jenkins to assault and batter Plaintiff.

**ANSWER:    Defendant Mitchell DENIES that Officer Jenkins assaulted or battered**

**Steven Moore.**

59.    The physical violence inflicted upon Plaintiff by Jenkins was excessive,
unnecessary, and unreasonable.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 59.**

60.    As a proximate result of all of the aforementioned actions by Defendant

Officer Jenkins, Steven Moore sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER:**     **Defendant Mitchell DENIES the allegations contained in Paragraph 60.**

61.     The acts of Officer Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:**     **Defendant Mitchell DENIES the allegations contained in Paragraph 61.**

62.     The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:**     **Defendant Mitchell DENIES the allegations contained in Paragraph 62.**

63.     As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**     **Defendant Mitchell DENIES the allegations contained in Paragraph 63.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**     **Defendant Mitchell DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT IV**
**Conspiracy to Interfere with the Rights of Steven Moore**
**42 U.S.C. § 1983**

64.     Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:    Defendant Mitchell incorporates by reference his answers to all previous paragraphs.**

65.    Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell conspired and falsely arrested and detained Plaintiff Steven Moore without justification and without probable cause.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 65.**

66.    As a result of the concerted unlawful and malicious conspiracy of Defendants Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Steven Moore was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 66.**

67.    As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:    Defendant Mitchell DENIES the allegations contained in Paragraph 67.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:    Defendant Mitchell DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

<u>COUNT V</u>
**State Battery Claim By Steven Moore**

68.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:   Defendant Mitchell incorporates by reference his answers to all previous paragraphs.**

69.   Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:   Defendant Mitchell DENIES the allegations contained in Paragraph 69.**

70.   Without the consent of Plaintiff, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by hitting him in the face and harming his wrists.

**ANSWER:   Defendant Mitchell DENIES the allegations contained in Paragraph 70.**

71.   Jenkins' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:   Defendant Mitchell DENIES the allegations contained in Paragraph 71.**

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:   Defendant Mitchell DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

<u>COUNT VI</u>
**State Assault Claim By Steven Moore**

72.   Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:   Defendant Mitchell incorporates by reference his answers to all previous paragraphs.**

73.   Acting under color of law, Officer Jenkins worked a denial of Plaintiff's rights by assaulting him.

**ANSWER:   Defendant Mitchell lacks knowledge or information sufficient to form a belief as to whether Officer Jenkins was acting under color of law.   Defendant Mitchell DENIES the remaining allegations contained in Paragraph 73.**

74.    Plaintiff is a reasonable person.

**ANSWER:**    **Defendant Mitchell DENIES the allegations contained in Paragraph 74.**

75.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER:**    **Defendant Mitchell DENIES the allegations contained in Paragraph 75.**

76.    Defendant Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**    **Defendant Mitchell DENIES the allegations contained in Paragraph 76.**

WHEREFORE, because Defendant Officer Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:**    **Defendant Mitchell DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT VII**
**Unlawful Seizure Of Velva Sweezer**

Count dismissed pursuant to stipulation.

**COUNT VIII**
**Use Of Excessive Force Against Velva Sweezer**
**42 USC § 1983**

Count dismissed pursuant to stipulation.

**COUNT IX**
**Conspiracy to Interfere with the Rights of Velva Sweezer**
**42 USC § 1983**

Count dismissed pursuant to stipulation.

## COUNT X
### State Battery Claim By Velva Sweezer

Count dismissed pursuant to stipulation.


## COUNT XI
### State Assault Claim By Velva Sweezer

Count dismissed pursuant to stipulation.


## COUNT XII
### Respondeat Superior
### 745 ILCS 10/9-102

103.     Plaintiffs reallege and reincorporate all of the allegations in the preceding paragraphs.

**ANSWER:     Defendant Mitchell incorporates by reference his answers to all of the allegations in the preceding paragraphs.**

104.     In committing the acts alleged in above, each individual defendant was acting within his scope of employment with the City of Chicago and/or the Chicago Board of Education.

**ANSWER:     Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104.**

105.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  745 ILCS 10/9-102.

**ANSWER:     Defendant Mitchell DENIES that Paragraph 105 is an accurate and complete statement of 745  ILCS 10/9-102, and accordingly DENIES the allegations contained in Paragraph 105.**

106.     As a proximate cause of Defendant Officers' unlawful acts as well as the acts and omissions of Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiffs suffered physical and emotional injuries enumerated above.

**<u>ANSWER</u>:     Defendant Mitchell DENIES the allegations contained in Paragraph 106.**

WHEREFORE, Plaintiff demands judgment against Defendant Chicago Board of Education and Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be just, fair, as well as reasonable attorneys' fees and legal costs.

**<u>ANSWER</u>:     Defendant Mitchell DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

## AFFIRMATIVE DEFENSES

### <u>First Affirmative Defense</u>

As to plaintiff's Constitutional claims and Section 1983 claims, defendant Mitchell has qualified immunity because plaintiff cannot show that Mitchell violated a clearly established constitutional right.

### <u>Second Affirmative Defense</u>

Defendant Mitchell is a government official who performs discretionary functions.  At all times material to the events alleged in plaintiff's complaint, a reasonable government official objectively viewing the facts and circumstances that confronted him and having the information that he possessed could have believed his actions to be lawful and not in violation of any clearly established law.  Defendant Mitchell, therefore, is entitled to qualified immunity as to plaintiffs' claims.

### Third Affirmative Defense

To the extent that plaintiff is entitled to recover damages from Defendant Mitchell, plaintiff's recovery should be limited, based on plaintiff's own conduct, by using the principals of comparative fault.

### Fourth Affirmative Defense

To the extent that plaintiff is entitled to recover damages from Defendant Mitchell, plaintiff's recovery should be limited to the extent that plaintiffs failed to properly mitigate damages.

### Fifth Affirmative Defense

Plaintiff is not entitled to recover any attorneys' fees for his state claims.

### Sixth Affirmative Defense

As to plaintiff's state law claims, Defendant Mitchell is immune from liability for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

### Seventh Affirmative Defense

As to all of plaintiff's state claims, plaintiff's prayer for punitive damages must fail as defendant Mitchell is a public employee and is immune from liability to pay punitive or exemplary damages. 745 ILCS 10/2-213.

### Eighth Affirmative Defense

Plaintiff's complaint fails to set forth a claim against Defendant Mitchell as to which relief may properly be granted.

### Ninth Affirmative Defense

As to all of plaintiff's state claims, defendant Mitchell serves in a position involving the determination of policy or the exercise of discretion and therefore is immune from liability for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

## JURY DEMAND

Defendant Mitchell demands a trial by jury.

Dated: <u>July 28, 2008</u>

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

By:    <u>s/ Sabrina Haake</u>
Sabrina Haake
Assistant General Counsel
Mitchell of Education of the City of Chicago
125 S. Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1673

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the attached **Defendant Mitchell's Answer, Affirmative Defenses and Jury Demand to Plaintiffs' Complaint** to be served upon counsels of record *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), on this 28th day of July, 2008.

<u>s/ Sabrina Haake</u>