IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 C 01818 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Milton I. Shadur |
| JENKINS)(STAR #5282), UNNAMED | ) | Magistrate Judge Morton Denlow |
| CHICAGO POLICE OFFICERS/SECURITY | ) | |
| GUARDS, JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BOARD, CITY OF CHICAGO AND JENKINS' JOINT MOTION FOR LEAVE TO AMEND THEIR RESPECTIVE ANSWERS

Defendants, Chicago Board of Education ("Board"), City of Chicago and Tyrone Jenkins ("Jenkins"), by and through their respective attorneys, hereby move this Court for leave to file an amended answer.  In support thereof, Defendants state as follows:

1.     On or about March 28, 2008, Velva Sweezer and Steven Moore ("Plaintiffs"), filed a complaint alleging certain violations under federal and state law regarding an incident that occurred on March 30, 2007.  *See* CM/ECF Docket, Document 1.

2.     On May 29, 2008, Defendants City of Chicago and Jenkins filed their answer.  *See* CM/ECF Docket, Document 16.

3.     On June 4, 2008, Plaintiffs filed a stipulation to dismiss Counts VII to XI. *See* CM/ECF Docket, Document 18.

4.    On June 5, 2008, Defendant Board filed its answer. *See* CM/ECF Docket, Document 19.

5.    The parties have exchanged written discovery in this case.

6.    During their continued investigation, Defendants learned new information regarding Jenkins' status with Defendant Board.

7.    Defendants now move to amend their respective answers to reflect this newly discovered information.

8.    Defendant Board's amended answer is attached hereto as <u>Exhibit A</u>. Defendant City of Chicago and Jenkins' joint amended answer is attached hereto as <u>Exhibit B</u>.

9.    Defendants do not file this motion to unduly delay the proceedings in this case.

10.    Plaintiff will not be prejudiced by the filing of Defendants amended answers. Another defendant in this case, Eric Mitchell, recently filed his answer on July 28, 2008. *See* Document 24. Further, no depositions have been taken in this case as of date.

Respectfully submitted,

| BOARD OF EDUCATION OF<br>THE CITY OF CHICAGO, | | CITY OF CHICAGO and TYRONE<br>JENKINS, |
|---|---|---|
| By: | s/Jennifer Y. Wu<br>Jennifer Y. Wu<br>Assistant General Counsel<br>Board of Education of the<br>City of Chicago<br>125 S. Clark St., 7th Floor<br>Chicago, Illinois 60603<br>(773) 553-1720 | By: s/Shneur Z. Nathan<br>Shneur Z. Nathan<br>Assistant Corporation Counsel<br>City of Chicago<br>30 North LaSalle Street, Suite 1400<br>Chicago, Illinois 60602<br>(312) 742-1842 |

## CERTIFICATE OF SERVICE

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the attached **Defendants Board, City of Chicago and Jenkins' Joint Motion for Leave to Amend their Respective Answers** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), on the 30th day of July, 2008.

s/ Jennifer Y. Wu

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VELVA SWEEZER and STEVEN MOORE    )
    )
           Plaintiffs,    )    Case No.  08 C 01818
    )
  vs.    )
    )
CHICAGO POLICE OFFICER TYRONE    )    Judge Milton I. Shadur
JENKINS)(STAR #5282), UNNAMED    )    Magistrate Judge Morton Denlow
CHICAGO POLICE OFFICERS/SECURITY    )
GUARDS, JUSTIN MOORE, ERIC MITCHELL, )
THE CHICAGO BOARD OF EDUCATION,    )
and THE CITY OF CHICAGO,    )
    )
           Defendants.    )

### DEFENDANT BOARD'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW

Defendant Board of Education of the City of Chicago ("Board"), by one of its attorneys Assistant General Counsel Jennifer Y. Wu, submits the following amended answer and affirmative defenses to plaintiffs' complaint at law:

Answering the specific allegations of plaintiffs' complaint, Defendant Board admits, denies, or otherwise avers as follows:

### Introduction

1.    This is a civil action brought pursuant to 42 U.S.C § 1983 seeking damages against defendants for committing acts under color of law that deprived Plaintiffs of their rights secured by the Constitution and laws of the United States and contains some attendant state claims.

**ANSWER:** **Defendant Board ADMITS that plaintiffs purport to bring an action pursuant to 42 U.S.C. § 1983 and Illinois state law but DENIES any act or omission which would give rise to liability.**

2.    Plaintiff Steven Moore was unlawfully seized and falsely imprisoned by the defendants who used excessive force.


EXHIBIT
A

<u>ANSWER:</u>   **Defendant Board DENIES the allegations contained in Paragraph 2.**

3.    Plaintiff Velva Sweezer was unlawfully seized and falsely imprisoned by the defendants who used excessive force.

<u>ANSWER:</u>   **Defendant Board DENIES the allegations contained in Paragraph 3.**

### Jurisdiction and Venue

4.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and pendent jurisdiction for attendant state claims as provided under U.S.C., [*sic*] § 1367(a).

<u>ANSWER:</u>   **Defendant Board ADMITS the allegations contained in Paragraph 4.**

5.    Venue is proper under 28 U.S.C. § 1391(b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

<u>ANSWER:</u>   **Defendant Board ADMITS that venue lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 5. Defendant Board DENIES the remaining allegations contained in Paragraph 5.**

### The Parties

6.    Velva Sweezer is the mother of Steven Moore, a former student at Lincoln Park High School. They both reside at 455 W. Evergreen, Apt. 8, Chicago, IL 60610.

<u>ANSWER:</u>   **Defendant Board ADMITS that Velva Sweezer purports to be the mother of Steven Moore, a former student at Lincoln Park High School. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 6.**

7.    Defendant Officer Tyrone Jenkins (Star #5282) is a present employee of the Chicago Police Department. At the time of the incident, Jenkins was employed by the

2

Chicago Public Schools as a security guard. At all relevant times, Officer Jenkins acted under the scope of his employment and under color of law.

**ANSWER**: **Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 7. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to whether Officer Jenkins was acting within the scope of his employment and under color of law. Defendant Board DENIES that Officer Jenkins was an employee of the Board of Education of the City of Chicago at the time of the incident, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of Chicago employee. Defendant Board further DENIES the remaining allegations contained in Paragraph 7.**

8.     Defendants Unnamed Police Officers/Security Guards are present or former employees of the Chicago Police Department. At all relevant times, the unnamed police officers/security guards acted under the scope of their employment and under color of law.

**ANSWER**: **Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 8.**

9.     Defendant Justin Moore was employed by the Chicago Public Schools as Assistant Principal of Lincoln Park High School. At all relevant times, Justin Moore acted under the scope of his employment and under color of law.

**ANSWER**: **Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 9. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.**

10.     Defendant Eric Mitchell was employed by the Chicago Public Schools as a Security Supervisor at Lincoln Park High School. At all relevant times, Eric Mitchell acted under the scope of his employment and under color of law.

**ANSWER**: **Defendant Board ADMITS that Eric Mitchell is an employee of the**

Chicago Public Schools and is a security officer assigned to Lincoln Park High School. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to the remaining allegations contained in Paragraph 10.

11.     The Chicago Board of Education, at all relevant times, was a duly created entity in Chicago, Illinois, and was the employer of Jenkins and Unnamed Police Officers/Security Guards.

ANSWER:   Defendant Board ADMITS that it is a body corporate and politic organized pursuant to the laws of the State of Illinois to manage and operate the Chicago Public Schools ("CPS"). Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of whether it was the employer of Unnamed Police Officers/Security Guards. Defendant Board DENIES that Officer Jenkins was an employee of the Board of Education of the City of Chicago at the time of the incident, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of Chicago employee. Defendant Board further DENIES the remaining allegations contained in Paragraph 11.

12.     Defendant City of Chicago is a municipal corporation organized under the laws of State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

ANSWER:   Defendant Board ADMITS the allegations contained in the first sentence of Paragraph 12.   Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

## Background Facts

13.     On the morning of March 30, 2007, Steven Moore was stopped by

4

Defendant Security Supervisor Eric Mitchell inside the entrance to Lincoln Park High School, 2001 N. Orchard, Chicago, IL 60610. Defendant Mitchell told Steven another student, Jarvis Jones, to wait there for Defendant Officer Tyrone Jenkins to arrive at the school.

**ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 13.**

14.     Approximately ten minutes later Officer Jenkins arrived in his Chicago Police Department uniform, which includes a blue shirt, tool belt, and handcuffs. He took Steven and Jones upstairs to the 'Police Room,' with Officer Jenkins walking in front of Steven and Mitchell walking behind them.

**ANSWER:   Defendant Board ADMITS that Officer Jenkins was wearing his Chicago Police Department uniform. Defendant Board DENIES the allegations contained in Paragraph 14.**

15.     Steven asked why he was stopped and Officer Jenkins told him to shut up. Officer Jenkins used a key to gain access to the 'Police Room,' and Officer Jenkins pushed Steven into the 'Police Room' and closed the door behind them. Jarvis Jones remained in the hallway at Officer Jenkin's request.

**ANSWER:   Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Officer Jenkins' use of a key to gain access to the "Police Room."   Defendant Board DENIES the remaining allegation contained in Paragraph 15.**

16.     Once inside the 'Police Room," Officer Jenkins grabbed Steven by the collar and shoved him up against the door.

**ANSWER:   Defendant Board DENIES the allegation contained in Paragraph 16.**

17.     Officer Jenkins pinned Steven against the door, continued his grip on Steven's collar and raised his right fist as if to punch Steven in face.

**ANSWER:   Defendant Board DENIES the allegation contained in Paragraph 17.**

18.     While in this position, Officer Jenkins made several quick, short, forward motions with his fist bringing his fist within inches of Steven's face. During this time,

Officer Jenkins repeatedly told Steven to hit him.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 18.**

19.    During this time, Officer Jenkins told Steven he wanted Steven to "do something." "Go ahead, do it. I want you to," he repeated.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 19.**

20.    While Officer Jenkins held Steven in this position, someone attempted to open the door from the hallway, interrupting Officer Jenkins.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 20**

21.    Defendant Mitchell then entered the 'Police Room' asked if he came in at a bad time.  Officer Jenkins told Steven that he was lucky and sent him to class.

**ANSWER:    Defendant Board DENIES the allegation contained in Paragraph 21.**

22.    Steven was afraid Officer Jenkins was going to harm him and telephoned his mother, who was coming to the school later in the day for a meeting, and told her to come to the school sooner. Steven had previously been afraid that Officer Jenkins was going to harm him several weeks before when he stopped Steven, cuffed him, held with a shirt covering his head, and later had him taken to the police station where he was held but not charged.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 22.**

23.    Steven went to his first period algebra class. Officer Jenkins later came, removed him from class, and took him to the second floor police room where other students were being questioned about the theft of a teacher's purse. Mitchell and Defendant Assistant Principal Justin Moore, Defendant Mitchell, and security guard Johnson were also present in the room.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 23.**

24.    During the questioning, Officer Jenkins told Steven to stand up and said he was going to hit him. He yelled to Jenkins to stop lying and ordered the students, teachers, and everyone else in the room to leave.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 24.**

25. Officer Jenkins was alone with Steven and closed the door. He yelled at Steven and slapped him with a fist in the face three times. While he was being slapped, Steven asked why Officer Jenkins was hitting him.

**ANSWER:** Defendant Board DENIES the allegations contained in Paragraph 25.

26. Plaintiff Velva Sweezer, Steven's mother, was preparing to attend a meeting that involved the transfer of her son out of Lincoln Park High School because of a previous inappropriate confrontation between Steven and Defendant Officer Jenkins while he was working as a security guard at the school. Approximately 30 minutes before the meeting, Sweezer received the telephone call from her son. She Sweezer immediately hailed a cab and went to the school.

**ANSWER:** Defendant Board DENIES the allegations contained in the first sentence

of Paragraph 26. Defendant Board lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. While walking toward the entrance of the school, Sweezer heard what she thought were the screams of a child coming from inside the school, so she began running toward the entrance.

**ANSWER:** Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 27.

28. Before Sweezer could reach the school's main entrance, the student that Steven was told to accuse of a crime ran out of the building and yelled to Sweezer that Officer Jenkins had her son and was beating him.

**ANSWER:** Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 28.

29. Sweezer, who was already running, continued through the entrance of the school, ran past the security guard station and up the stairs to where she thought the screams were coming.

**ANSWER:** Defendant BOARD ADMITS that Sweezer proceeded past the security

guard station without signing in. Defendant Board lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 29.

30.    Once upstairs and in front of the door where she thought the screams were coming from, Sweezer saw Assistant Principal Justin Moore and two unidentified security guards standing in front of the door.

**ANSWER:**    Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 30.

31.    As Sweezer approached them she asked, "Why are you standing there while someone is beating my child?"  They ran away from the door without replying and went down the stairs.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 31.

32.    At no time did Assistant Principal Justin Moore, any of the unnamed officers or Security Supervisor Eric Mitchell intervene to stop Jenkins from beating Steven.

**ANSWER:**    Defendant Board lacks knowledge or information sufficient to form a

belief as to allegations concerning the unnamed security officers.  Defendant Board

DENIES that any event occurred that merited any intervention by Justin Moore or

Eric Mitchell, and therefore DENIES the remaining allegations contained in

Paragraph 32.

33.    Immediately thereafter, Sweezer opened the door and saw Steven sitting in a chair and Officer Jenkins standing over him with one knee on her son's thigh. His hand was raised as if to strike Steven.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 33.

34.    Sweezer asked Officer Jenkins, "What are you doing to my child?" and he replied, "You are going to jail." Officer Jenkins then attempted to hit Moore.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 34.

35.    Sweezer wedged herself between Officer Jenkins and Steven in an attempt to block Officer Jenkins blow.

**ANSWER:    Defendant Board ADMITS that Sweezer wedged herself between Officer Jenkins and Steven but DENIES the remaining allegations contained in Paragraph 35.**

36.    Officer Jenkins then radioed other Police Officers and grabbed Sweezer, who was not resisting, by her arm and continuously twisted her arm.

**ANSWER:    Defendant Board ADMITS that Officer Jenkins radioed other police officers for assistance.    Defendant Board DENIES the remaining allegations contained in Paragraph 36.**

37.    Sweezer asked Officer Jenkins "Why are you doing this?" Her son Steven pleaded with Officer Jenkins to let his mother go because she had just had a stroke. Officer Jenkins persisted in adding pressure to Sweezer's arm despite being informed of her past medical history.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 37.**

38.    The other Officers arrived within two minutes of being called and when they arrived Officer Jenkins was still twisting Sweezer's arm so severely that the arriving Officers on sight asked him to stop, let her go, and let them handle it. Officer Jenkins persisted in twisting Sweezer's arm.

**ANSWER: Defendant Board ADMITS that other police officers arrived after Officer Jenkins radioed for assistance. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.**

39.    The officers with the squad-roll then arrived and demanded that Officer Jenkins release Sweezer, at that point Officer Jenkins released Sweezer and demanded that both Sweezer and Moore be placed under arrest. The squad-roll Officers then

9

placed Sweezer under arrest and Officer Jenkins handcuffed on Steven.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 39.**

40.    Officer Jenkins handcuffed Steven so tightly that they caused Steven pain and left visible bruises and marks.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 40.**

41.    Once at the Police Station, Sweezer was being searched and attended to by the female Officers. Officer Jenkins' harassment became so incessant that the female Officer that was searching Sweezer had to inform him that she could handle Sweezer without his help.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 41.**

42.    Also at the station Sweezer learned that Officer Jenkins put the cuffs on Moore so tight that they cut into the skin on his wrists.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 42.**

43.    As Sweezer continued being processed she was again approached by Officer Jenkins and she informed him that she would be taking him to court for his abuse and false arrest of both her and her son. Officer Jenkins replied, "I've never lost a case."

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in Paragraph 43.**

44.    After being held for approximately 4 hours, a police officer informed Sweezer that her son Steven would not be charged and that she could call someone to pick him up from the Police Station. At this point Officer Jenkins told Sweezer, "Since I can't get your son, I got you."

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.**

45.    Sweezer was charged with Obstruction of Justice and Resisting Arrest.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.**

COUNT I
**Unlawful Seizure Of Steven Moore**
**42 USC § 1983**

46.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all previous paragraphs.**

47.    As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Steven Moore.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the truth as to whether Officer Jenkins was acting under color of law. Defendant Board DENIES the remaining allegations contained in Paragraph 47.**

48.    More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Steven Moore without probable cause, without a warrant for his arrest, without reasonable suspicion, or without any true belief or indicia that he had committed any crime.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 48.**

49.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Steven Moore.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 49.**

50.    The misconduct described in this Count was caused and participated in by Defendants Jenkins, Unnamed Officers as members of the Chicago Police Department,

and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 50.**

51.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 51.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:   Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT II**
**False Arrest and Unlawful Detention of Steven Moore**
**42 USC § 1983**

52.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:   Defendant Board incorporates by reference its answers to all previous paragraphs.**

53.     Defendant Officers caused Plaintiff Steven Moore to be detained at the Lincoln Park High School where he was interrogated and physically attacked by Defendant Officer Jenkins.

**ANSWER:   Defendant Board lacks knowledge or information sufficient to form a belief as to the allegations regarding the unnamed officers.   Defendant Board DENIES the remaining allegations contained in Paragraph 53.**

54.     Defendant Officer Jenkins also caused Steven to be arrested and detained following his interrogation and attack of Steven, wherein he damaged both of Steven's wrists when handcuffing him. Steven was then held at the Chicago Police department for an unreasonable amount of time before the Defendant Officers realized that there was no evidence of criminal behavior by Steven Moore and allowed him to leave.

**ANSWER:    Defendant Board DENIES the allegations contained in the first sentence of in Paragraph 54.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54.**

55.     As a result of Defendant Officers' false arrest and unlawful detention and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the allegations regarding the unnamed officers. Defendant Board DENIES the remaining allegations contained in Paragraph 55.**

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

COUNT III
Use Of Excessive Force Against Steven Moore
42 USC § 1983

56.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all previous paragraphs.**

13

57.    Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 57.**

58.    At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Jenkins to assault and batter Plaintiff.

**ANSWER:    Defendant Board DENIES that Officer Jenkins assaulted or battered Steven Moore, and therefore ADMITS the remaining allegations contained in Paragraph 58.**

59.    The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 59.**

60.    As a proximate result of all of the aforementioned actions by Defendant Officer Jenkins, Steven Moore sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 60.**

61.    The acts of Officer Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 61.**

62.    The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 62.**

63.    As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 63.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

**COUNT IV**
**Conspiracy to Interfere with the Rights of Steven Moore**
**42 U.S.C. § 1983**

64.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

65.    Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell conspired and falsely arrested and detained Plaintiff Steven Moore without justification and without probable cause.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 65.

66.    As a result of the concerted unlawful and malicious conspiracy of Defendants Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Steven Moore was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 66.

67.    As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 67.

WHEREFORE, Plaintiff Steven Moore requests that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.**

COUNT V
**State Battery Claim By Steven Moore**

68.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    **Defendant Board incorporates by reference its answers to all previous paragraphs.**

69.    Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 69.

70.    Without the consent of Plaintiff, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by hitting him in the face and harming his wrists.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 70.

71.    Jenkins' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 71.

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:**    Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.

### COUNT VI
### State Assault Claim By Steven Moore

72.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    Defendant Board incorporates by reference its answers to all previous paragraphs.

73.    Acting under color of law, Officer Jenkins worked a denial of Plaintiff's rights by assaulting him.

**ANSWER:**    Defendant Board lacks knowledge or information sufficient to form a belief as to whether Officer Jenkins was acting under color of law. Defendant Board DENIES the remaining allegations contained in Paragraph 73.

74.    Plaintiff is a reasonable person.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 74.

75.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 75.

76.    Defendant Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**    Defendant Board DENIES the allegations contained in Paragraph 76.

WHEREFORE, because Defendant Officer Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:** Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.

COUNT VII
**Unlawful Seizure Of Velva Sweezer**

77. Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:** Defendant Board makes no answer to Paragraph 77, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint. *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

78. As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Velva Sweezer.

**ANSWER:** Defendant Board makes no answer to Paragraph 78, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint. *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

79. More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Sweezer without probable cause, without a warrant for her arrest, without reasonable suspicion, or without any true belief or indicia that she had committed any crime.

**ANSWER:** Defendant Board makes no answer to Paragraph 79, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint. *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

80. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Plaintiff Sweezer.

**ANSWER:** Defendant Board makes no answer to Paragraph 80, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint. *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

81.     The misconduct described in this Count was caused and participated in by Defendants Officer Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER:     Defendant Board makes no answer to Paragraph 81, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

82.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER:     Defendant Board makes no answer to Paragraph 82, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

WHEREFORE, Plaintiff Sweezer requests that judgment be entered in her favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:     Defendant Board makes no answer to the above paragraph, as Plaintiffs have filed a stipulation to dismiss Count VII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

COUNT VIII
Use Of Excessive Force Against Velva Sweezer
42 USC § 1983

83.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:     Defendant Board makes no answer to Paragraph 83, as Plaintiffs have**

filed a stipulation to dismiss Count VIII of their complaint. *See* **Plaintiff's**

**Stipulation to Dismiss, CM/ECF Docket, Document 18.**

84. Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER**: **Defendant Board makes no answer to Paragraph 84, as Plaintiffs have**

**filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's**

**Stipulation to Dismiss, CM/ECF Docket, Document 18.**

85. At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Officer Jenkins to assault and batter Plaintiff.

**ANSWER**: **Defendant Board makes no answer to Paragraph 85, as Plaintiffs have**

**filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's**

**Stipulation to Dismiss, CM/ECF Docket, Document 18.**

86. The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER**: **Defendant Board makes no answer to Paragraph 86, as Plaintiffs have**

**filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's**

**Stipulation to Dismiss, CM/ECF Docket, Document 18.**

87. As a proximate result of all of the aforementioned actions by Officer Jenkins, Sweezer sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER**: **Defendant Board makes no answer to Paragraph 87, as Plaintiffs have**

**filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's**

**Stipulation to Dismiss, CM/ECF Docket, Document 18.**

88. The acts of the Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous

disregard for Plaintiff's rights.

**ANSWER:   Defendant Board makes no answer to Paragraph 88, as Plaintiffs have filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

89.     The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER:   Defendant Board makes no answer to Paragraph 89, as Plaintiffs have filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

90.     As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER:   Defendant Board makes no answer to Paragraph 90, as Plaintiffs have filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

WHEREFORE, Plaintiff Steven [*sic*] Sweezer requests that judgment be entered in her favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

**ANSWER:   Defendant Board makes no answer to the above paragraph, as Plaintiffs have filed a stipulation to dismiss Count VIII of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

21

## COUNT IX
### Conspiracy to Interfere with the Rights of Velva Sweezer
### 42 USC § 1983

91.     Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:    Defendant Board makes no answer to Paragraph 91, as Plaintiffs have**

**filed a stipulation to dismiss Count IX of their complaint.** *See* **Plaintiff's Stipulation**

**to Dismiss, CM/ECF Docket, Document 18.**

92.     As a result of the concerted unlawful and malicious conspiracy of
Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and
Security Supervisor Eric Mitchell, Plaintiff Velva Sweezer was deprived of both her
liberty without due process of law and her right to equal protection of the laws, and the
due course of justice was impeded, in violation of the Fifth and Fourteenth
Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER:    Defendant Board makes no answer to Paragraph 92, as Plaintiffs have**

**filed a stipulation to dismiss Count IX of their complaint.** *See* **Plaintiff's Stipulation**

**to Dismiss, CM/ECF Docket, Document 18.**

93.     As a direct and proximate result of this conspiracy, Plaintiff Sweezer was
injured, including the loss of her freedom, damage to her reputation, humiliation, pain,
suffering, the deprivation of his constitutional rights and his dignity, lost time, wages,
attorneys' fees and extreme emotional distress.

**ANSWER:    Defendant Board makes no answer to Paragraph 93, as Plaintiffs have**

**filed a stipulation to dismiss Count IX of their complaint.** *See* **Plaintiff's Stipulation**

**to Dismiss, CM/ECF Docket, Document 18.**

WHEREFORE, Plaintiff Velva Sweezer requests that judgment be entered in his

[*sic*] favor and that he [*sic*] be awarded compensatory and punitive damages, reasonable

attorney's fees, costs and expenses and such further relief that this Honorable Court

deems just.

ANSWER:   Defendant Board makes no answer to the above paragraph, as Plaintiffs have filed a stipulation to dismiss Count IX of their complaint.   *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

COUNT X<br>State Battery Claim By Velva Sweezer

94.   Plaintiffs reallege and reincorporate all previous paragraphs.

ANSWER:   Defendant Board makes no answer to Paragraph 94, as Plaintiffs have filed a stipulation to dismiss Count X of their complaint.   *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

95.   Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used against Plaintiff Sweezer.

ANSWER:   Defendant Board makes no answer to Paragraph 95, as Plaintiffs have filed a stipulation to dismiss Count X of their complaint.   *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

96.   Without the consent of Sweezer, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by squeezing and twisting her arm with excessive force.

ANSWER:   Defendant Board makes no answer to Paragraph 96, as Plaintiffs have filed a stipulation to dismiss Count X of their complaint.   *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

97.   Jenkins' conduct that resulted in these batteries were [*sic*] undertaken with malice, willfulness and reckless indifference to Sweezer's rights.

ANSWER:   Defendant Board makes no answer to Paragraph 97, as Plaintiffs have filed a stipulation to dismiss Count X of their complaint.   *See* Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:   Defendant Board makes no answer to the above paragraph, as Plaintiffs have filed a stipulation to dismiss Count X of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

COUNT XI
**State Assault Claim By Velva Sweezer**

98.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER:   Defendant Board makes no answer to Paragraph 98, as Plaintiffs have filed a stipulation to dismiss Count XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

99.     Acting under color of law, Officer Jenkins worked a denial of Sweezer's rights by assaulting her.

**ANSWER:   Defendant Board makes no answer to Paragraph 99, as Plaintiffs have filed a stipulation to dismiss Count XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

100.    Plaintiff Sweezer is a reasonable person.

**ANSWER:   Defendant Board makes no answer to Paragraph 100, as Plaintiffs have filed a stipulation to dismiss Count XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

101.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER:   Defendant Board makes no answer to Paragraph 101, as Plaintiffs have**

filed a stipulation to dismiss Count XI of their complaint. *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

102.    Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiffs rights.

**ANSWER:    Defendant Board makes no answer to Paragraph 102, as Plaintiffs have filed a stipulation to dismiss Count XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

WHEREFORE, because Jenkins created an apprehension of immediate physical harm, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**ANSWER:    Defendant Board makes no answer to the above paragraph, as Plaintiffs have filed a stipulation to dismiss Count XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

COUNT XII
**Respondeat Superior**
**745 ILCS 10/9-102**

103.    Plaintiffs reallege and reincorporate all of the allegations in the preceding paragraphs.

**ANSWER:    Defendant Board incorporates by reference its answers to all of the allegations in the preceding paragraphs. Defendant Board notes that Plaintiffs have filed a stipulation to dismiss Counts VII through XI of their complaint.** *See* **Plaintiff's Stipulation to Dismiss, CM/ECF Docket, Document 18.**

104.    In committing the acts alleged in above, each individual defendant was acting within his scope of employment with the City of Chicago and/or the Chicago Board of Education.

25

ANSWER:   Defendant Board lacks knowledge or information sufficient to form a belief as to whether any City of Chicago employee was acting within the scope of his employment. Defendant Board DENIES that Officer Jenkins was an employee of the Board of Education of the City of Chicago at the time of the incident, and therefore DENIES that he was acting within the scope of employment as a Board of Education of the City of Chicago employee. Defendant Board DENIES that it committed any of the acts alleged in the above paragraphs, and therefore DENIES the remaining allegations contained in Paragraph 104.

105.   In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

ANSWER:   Defendant Board DENIES that Paragraph 105 is an accurate and complete statement of 745 ILCS 10/9-102, and accordingly DENIES the allegations contained in Paragraph 105.

106.   As a proximate cause of Defendant Officers' unlawful acts as well as the acts and omissions of Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiffs suffered physical and emotional injuries enumerated above.

ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 106.

WHEREFORE, Plaintiff demands judgment against Defendant Chicago Board of Education and Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be just, fair, as well as reasonable attorneys' fees and legal costs.

ANSWER:   Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph.

26

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent that plaintiffs are entitled to recover damages from Defendant Board, plaintiffs' recovery should be limited, based on plaintiffs' own conduct, by using the principals of comparative fault.

### Second Affirmative Defense

To the extent that plaintiff is entitled to recover damages from Defendant Board, plaintiffs' recovery should be limited to the extent that plaintiffs failed to properly mitigate damages.

### Third Affirmative Defense

Plaintiffs are not entitled to recover any attorneys' fees for their state claims.

### Fourth Affirmative Defense

Plaintiffs' prayer for punitive damages must fail as Defendant Board is a public entity and is immune from liability to pay punitive or exemplary damages. 745 ILCS 10/2-213.

### Fifth Affirmative Defense

Defendant Board is immune from liability as to plaintiffs' state claims pursuant to 745 ILCS 10/2-109 because it is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

### Sixth Affirmative Defense

As to plaintiff's state law claim, Defendant Board is immune from liability for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

27

## JURY DEMAND

Defendant Board of Education of the City of Chicago demands a trial by jury.

Dated: _____

                        Respectfully submitted,

                        PATRICK J. ROCKS
                        General Counsel

By:    s/ Jennifer Y. Wu
        Jennifer Y. Wu
        Assistant General Counsel
        Board of Education of the City of Chicago
        125 S. Clark Street, Suite 700
        Chicago, Illinois 60603
        (773) 553-1720

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 1818 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Magistrate Judge Denlow |
| JENKINS) (STAR #5282, UNNAMED | ) | |
| CHICAGO POLICE OFFICERS/SECURITY | ) | Jury Trial Demanded |
| GUARDS, JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT JENKINS AND THE CITY OF CHICAGO'S AMENDED JOINT ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' CIVIL COMPLAINT

Defendants Tyrone Jenkins and the City of Chicago (collectively herein "Defendants"), by and

through one of their attorneys, Shneur Z. Nathan, Assistant Corporation Counsel for the City of

Chicago, hereby submit the foregoing Answer, Affirmative Defenses, and Jury Demand to Plaintiffs'

Civil Complaint:

### Introduction

1.      This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking damages against defendants for committing acts under color of law that deprived Plaintiffs of their rights secured by the Constitution and laws of the United States and contains some attendant state claims.

**ANSWER: Defendants admit that Plaintiffs purport to bring a civil rights action**

**pursuant to 42 U.S.C. § 1983 and the laws of Illinois. Defendants admit that Plaintiffs'**

**Complaint purports to seek relief for certain acts, but deny any wrongful conduct.**

2.      Plaintiff Steven Moore was unlawfully seized and false imprisoned by the defendants who used excessive force.

**ANSWER: Defendants deny the allegations set forth in paragraph two.**

1


EXHIBIT
B

3.     Plaintiff Velva Sweezer was unlawfully seized and falsely imprisoned by the defendants who used excessive force.

**ANSWER: Defendants deny the allegations set forth in paragraph three.**

### Jurisdiction and Venue

4.     This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and §1343 and pendent jurisdiction for attendant state claims as provided under U.S.C., § 1367(a).

**ANSWER: Defendants admit that jurisdiction is proper in the United States District**

**Court for the Northern District of Illinois.**

5.     Venue is proper under 28 U.S.C. § 1391(b).  the events purported herein all occurred in the Northern District of Illinois.  All parties to the case reside within the Northern District of Illinois.

**ANSWER: Defendants admit that venue is proper in the United States District Court**

**for the Northern District of Illinois, but deny any wrongful conduct. Defendants admit they**

**reside within the Northern District of Illinois, but lack sufficient knowledge or information**

**to form a belief as to the true residence of other parties.**

### Parties

6.     Velva Sweezer is the mother of Steven Moore, a former student at Lincoln Park High School.  They both reside at 455 W. Evergreen, Apt. 8, Chicago, IL  60610.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to**

**the truth of the allegations contained in paragraph six.**

7.     Defendant Officer Tyrone Jenkins (Star #5282) is a present employee of the Chicago Police Department.  At the time of the incident, Jenkins was employed by the Chicago Public Schools as a security guard.  At all relevant times, Officer Jenkins acted under the scope of his employment and under color of law.

**ANSWER: Defendants deny that Defendant Jenkins was working as a security guard**

**for the Chicago Public Schools at the time of the incident, but admit the remaining**

**allegations contained in paragraph seven.**

2

8.     Defendant Unnamed Police Officers/Security Guards are present or former employees of the Chicago Police Department. At all relevant times, the unnamed police officers/security guards acted under the scope of their employment and under color of law.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eight.**

9.     Defendant Justin Moore was employed by the Chicago Public Schools as Assistant Principal of Lincoln Park High School. At all relevant times, Justin Moore acted under the scope of his employment and under color of law.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph nine.**

10.     Defendant Eric Mitchell was employed by the Chicago Public Schools as a Security Supervisor at Lincoln Park High School. At all relevant times, Eric Mitchell acted under the scope of his employment and under color of law.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph ten.**

11.     The Chicago Board of Education, at all relevant times, was a duly created entity in Chicago, Illinois, and was the employer of Jenkins and Unnamed Police Officers/Security Guards.

**ANSWER: Defendants admit the Chicago Board of Education was a duly created entity in Chicago, Illinois and that the Chicago Board of Education was a part-time employer of defendant Jenkins. Defendants lack sufficient knowledge or information to form a belief as to the identity of the employer of Unnamed Police Officers/Security Guards.**

12.     Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

**ANSWER: Defendants admit the City of Chicago is a municipal corporation organized under the laws of the State of Illinois, but deny the remaining allegations contained in paragraph twelve.**

### Background Facts

13.     On the morning of March 30, 2007, Steven Moore was stopped by Defendant Security Supervisor Eric Mitchell inside the entrance to Lincoln Park High School, 2001 N. Orchard, Chicago, IL 60610.  Defendant Mitchell told Steven another student, Jarvis Jones, to wait there for Defendant Officer Tyrone Jenkins to arrive at the school.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirteen.**

14.     Approximately ten minutes later Officer Jenkins arrived in his Chicago Police Department uniform, which includes a blue shirt, tool belt, and handcuffs.  He took Steven and Jones upstairs to the 'Police Room,' with Officer Jenkins walking in front of Steven and Mitchell walking behind them.

**ANSWER: Defendants admit that Defendant Jenkins was wearing a Chicago Police Department uniform and that included handcuffs, but deny the remaining allegations contained in paragraph fourteen.**

15.     Steven asked why he was stopped and Officer Jenkins told him to shut up.  Officer Jenkins used a key to gain access to the 'Police Room,' and Officer Jenkins pushed Steven into the 'Police Room' and closed the door behind them.  Jarvis Jones remained in the hallway at Officer Jenkins' request.

**ANSWER: Defendants admit that Defendant Jenkins used a key to gain access to the 'Police Room,' but deny the remaining allegations contained in paragraph fifteen.**

16.     Once inside the 'Police Room," Officer Jenkins grabbed Steven by the collar and shoved him up against the door.

**ANSWER: Defendants deny the allegations set forth in paragraph sixteen.**

17.     Officer Jenkins pinned Steven against the door, continued his grip on Steven's collar and raised his right fist as if to punch Steven in face.

**ANSWER: Defendants deny the allegations set forth in paragraph seventeen.**

18.     While in this position, Officer Jenkins made several quick, short, forward motions with his fist bringing his fist within inches of Steven's face.  During this time, Officer Jenkins repeatedly told Steven to hit him.

**ANSWER: Defendants deny the allegations set forth in paragraph eighteen.**

4

19.    During this time, Officer Jenkins told Steven he wanted Steven to "do something." "Go ahead, do it. I want you to," he repeated.

**ANSWER: Defendants deny the allegations set forth in paragraph nineteen.**

20.    While Officer Jenkins held Steven in this position, someone attempted to open the door from the hallway, interrupting Officer Jenkins.

**ANSWER: Defendants deny the allegations set forth in paragraph twenty.**

21.    Defendant Mitchell then entered the 'Police Room' asked if he came in at a bad time. Officer Jenkins told Steven that he was lucky and sent him to class.

**ANSWER: Defendants deny the allegations set forth in paragraph twenty-one.**

22.    Steven was afraid Officer Jenkins was going to harm him and telephoned his mother, who was coming to the school later in the day for a meeting, and told her to come to the school sooner. Steven had previously been afraid that Officer Jenkins was going to harm him several weeks before when he stopped Steven, cuffed him, held with a shirt covering his head, and later had him taken to the police station where he was held but not charged.

**ANSWER: Defendants deny the allegations set forth in paragraph twenty-two.**

23.    Steven went to his first period algebra class. Officer Jenkins later came, removed him from class, and took him to the second floor police room where other students were being questioned about the theft of a teacher's purse. Mitchell and Defendant Assistant Principal Justin Moore, defendant Mitchell, and security guard Johnson were also present in the room.

**ANSWER: Defendants lack sufficient knowledge or information as to the truth of**

**whether plaintiff Steven Moore went to a first period algebra class. Defendants deny the**

**remaining allegations contained in paragraph twenty-three.**

24.    During the questioning, Officer Jenkins told Steven to stand up and said he was going to hit him. He yelled to Jenkins to stop lying and ordered the students, teachers, and everyone else in the room to leave.

**ANSWER: Defendants deny the allegations set forth in paragraph twenty-four.**

25.    Officer Jenkins was alone with Steven and closed the door. He yelled at Steven and slapped him with a fist in the face three times. While he was being slapped, Steven asked why Officer Jenkins was hitting him.

**ANSWER: Defendants deny the allegations set forth in paragraph twenty-five.**

26.    Plaintiff Velva Sweezer, Steven's mother, was preparing to attend a meeting that involved the transfer of her son out of Lincoln Park High School because of a previous

inappropriate confrontation between Steven and Defendant Officer Jenkins while he was working as a security guard at the school. Approximately 30 minutes before the meeting, Sweezer received the telephone call from her son. She Sweezer immediately hailed a cab and went to the school.

**ANSWER: Defendants deny any previous confrontation between plaintiff Steven Moore and Defendant Jenkins ever occurred. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph twenty-six.**

27.     While walking toward the entrance of the school, Sweezer heard what she thought were the screams of a child coming from inside the school, so she began running toward the entrance.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-seven.**

28.     Before Sweezer could reach the school's main entrance, the student that Steven was told to accuse of a crime ran out of the building and yelled to Sweezer that Officer Jenkins had her son and was beating him.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-eight.**

29.     Sweezer, who was already running, continued through the entrance of the school, ran past the security guard station and up the stairs to where she thought the screams were coming.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-nine.**

30.     Once upstairs and in front of the door where she thought the screams were coming from, Sweezer saw Assistant Principal Justin Moore and two unidentified security guards standing in front of the door.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty.**

31.     As Sweezer approached them she asked, "Why are you standing there while someone is beating my child?" They ran away from the door without replying and went down the stairs.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-one.**

32.     At no time did Assistant Principal Justin Moore, any of the unnamed officers or Security Supervisor Eric Mitchell intervene to stop Jenkins from beating Steven.

6

**ANSWER: Defendants deny that defendant Jenkins beat plaintiff Steven Moore and therefore admit the remaining allegations set forth in paragraph thirty-two.**

33.     Immediately thereafter, Sweezer opened the door and saw Steven sitting in a chair and Officer Jenkins standing over him with one knee on her son's thigh. His hand was raised as if to strike Steven.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-three.**

34.     Sweezer asked Officer Jenkins, "What are you doing to my child?" and he replied, "You are going to jail." Officer Jenkins then attempted to hit Moore.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-four.**

35.     Sweezer wedged herself between Officer Jenkins and Steven in an attempt to block Officer Jenkins blow.

**ANSWER: Defendants admit that plaintiff Sweezer "wedged herself between" defendant Jenkins and plaintiff Moore, but deny the remaining allegations contained in paragraph thirty-five.**

36.     Officer Jenkins then radioed other Police Officers and grabbed Sweezer, who was not resisting, by her arm and continuously twisted her arm.

**ANSWER: Defendants admit that defendant Jenkins radioed for the assistance of other police officers, but deny the remaining allegations contained in paragraph thirty-six.**

37.     Sweezer asked Officer Jenkins "Why are you doing this?" Her son Steven pleaded with Officer Jenkins to let his mother go because she had just had a stroke. Officer Jenkins persisted in adding pressure to Sweezer's arm despite being informed of her past medical history.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-seven.**

38.     The other Officers arrived within two minutes of being called and when they arrived Officer Jenkins was still twisting Sweezer's arm so severely that the arriving Officers on sight asked him to stop, let her go, and let them handle it. Officer Jenkins persisted in twisting Sweezer's arm.

**ANSWER: Defendants admit that other police officers arrived within approximately two minutes of being called, but deny the remaining allegations contained in paragraph thirty-eight.**

7

39.    The officers with the squad-roll then arrived and demanded that Officer Jenkins release Sweezer, at that point Officer Jenkins released Sweezer and demanded that both Sweezer and Moore be placed under arrest. The squad-roll Officers then placed Sweezer under arrest and Officer Jenkins handcuffed on Steven.

**ANSWER: Defendants admit that a squad-roll arrived and defendant Jenkins requested for plaintiffs Sweezer and Moore to be placed under arrest, but deny the remaining allegations contained in paragraph thirty-nine.**

40.    Officer Jenkins handcuffed Steven so tightly that they caused Steven pain and left visible bruises and marks.

**ANSWER: Defendants deny the allegations set forth in paragraph forty.**

41.    Once at the Police Station, Sweezer was being searched and attended to by the female Officers. Officer Jenkins' harassment became so incessant that the female Officer that was searching Sweezer had to inform him that she could handle Sweezer without his help.

**ANSWER: Defendants admit plaintiff Sweezer was searched by a female officer, but deny the remaining allegations contained in paragraph forty-one.**

42.    Also at the station Sweezer learned that Officer Jenkins put on the cuffs on Moore so tight that they cut into the skin on his wrists.

**ANSWER: Defendants deny the allegations set forth in paragraph forty-two.**

43.    As Sweezer continued being processed she was again approached by Officer Jenkins and she informed him that she would be taking him to court for his abuse and false arrest of both her and her son. Officer Jenkins replied, "I've never lost a case."

**ANSWER: Defendants admit plaintiff Sweezer stated, in essence, "Thanks for my new car mother f\*\*\*er, I'm suing your \*\*\*, I've got family that are lawyers, I'm calling OPS, IAD, and the news, you go pay for this mother f\*\*\*er." Defendants deny the remaining allegations contained in paragraph forty-three.**

44.    After being held for approximately 4 hours, a police officer informed Sweezer that her son Steven would not be charged and that she could call someone to pick him up from the Police Station. At this point Officer Jenkins told Sweezer, "Since I can't get your son, I got you."

8

**ANSWER: Defendants deny that defendant Jenkins told plaintiff Sweezer "Since I can't get your son, I got you." Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph forty-four.**

45.    Sweezer was charged with Obstruction of Justice and Resisting Arrest.

**ANSWER: Defendants admit the allegations set forth in paragraph forty-five.**

### COUNT I – Unlawful Seizure of Steven Moore
### 42 USC § 1983

46.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated.**

47.    As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Steven Moore.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated. Defendants admit that defendant Jenkins was acting under color of law, but deny the remaining allegations set forth in paragraph forty-seven.**

48.    More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Steven Moore without probable cause, without a warrant for his arrest, without reasonable suspicion, or without any true believe or indicia that he had committed any crime.

**ANSWER: Defendants admit that defendant Jenkins arrested plaintiff Moore without a warrant, but deny the remaining allegations contained in paragraph forty-eight.**

49.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Steven Moore.

**ANSWER: Defendants deny the allegations set forth in paragraph forty-nine.**

50.    The misconduct described in this count was caused and participated in by Defendants Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty.**

51.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his person and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty-one.**

## COUNT II – False Arrest and Unlawful Detention of Steven Moore
## 42 USC § 1983

52.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs**

**and incorporate those answers herein, as if fully restated.**

53.     Defendant Officers caused Plaintiff Steven Moore to be detained at the Lincoln Park High School where he was interrogated and physically attacked by Defendant Officer Jenkins.

**ANSWER: Defendants admit that defendant Jenkins detained and questioned**

**plaintiff Moore at Lincoln Park High School, but deny the remaining allegations contained**

**in paragraph fifty-three. Defendants lack sufficient knowledge or information to form a**

**belief as to the truth of the allegations against unnamed officers.**

54.     Defendant Officer Jenkins also caused Steven to be arrested and detained following his interrogation and attack of Steven, wherein he damaged both of Steven's wrists when handcuffing him. Steven was then held at the Chicago Police department for an unreasonable amount of time before the Defendant Officers realized that there was no evidence of criminal behavior by Steven Moore and allowed him to leave.

**ANSWER: Defendants admit that defendant Jenkins arrested, detained, and**

**questioned plaintiff Moore at Lincoln Park High School and that plaintiff Moore was**

**subsequently transported to a police department and, at some point, permitted to leave.**

**Defendants deny the remaining allegations contained in paragraph fifty-four.**

55.     As a result of Defendant Officers' false arrest and unlawful detention and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty-five.**

## COUNT III – Use Of Excessive Force Against Steven Moore
## 42 USC § 1983

56.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs**

**and incorporate those answers herein, as if fully restated.**

57.     Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty-seven.**

58.     At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Jenkins to assault and batter Plaintiff.

**ANSWER: Defendants deny any assault and battery occurred and deny any wrongful**

**conduct. Defendants admit the remaining allegations set forth in paragraph fifty-eight.**

59.     The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty-nine and**

**further deny any wrongdoing.**

60.     As a proximate result of all of the aforementioned actions by Defendant Officer Jenkins, Steven Moore sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty.**

61.     The acts of Officer Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-one.**

62.     The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-two.**

11

63.    As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-three.**

### COUNT IV – Conspiracy to Interfere with the Rights of Steven Moore
### 42 USC § 1983

64.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs**

**and incorporate those answers herein, as if fully restated.**

65.    Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell conspired and falsely and detained Plaintiff Steven Moore without justification and without probable cause.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-five.**

66.    As a result of the concerted unlawful and malicious conspiracy of Defendants Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Steven Moore was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-six.**

67.    As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-seven.**

### COUNT V – State Battery Claim by Steven Moore

68.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs**

**and incorporate those answers herein, as if fully restated.**

69.    Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER: Defendants deny the allegations set forth in paragraph sixty-nine.**

70.    Without the consent of Plaintiff, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by hitting him in the face and harming his wrists.

**ANSWER: Defendants deny the allegations set forth in paragraph seventy.**

71.    Jenkins' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph seventy-one.**

**COUNT VI – State Assault Claim By Steven Moore**

72.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated.**

73.    Acting under color of law, Officer Jenkins worked a denial of Plaintiff's rights by assaulting him.

**ANSWER: Defendants admit that defendant Jenkins was acting under color of law, but deny the remaining allegations contained in paragraph seventy-three.**

74.    Plaintiff is a reasonable person.

**ANSWER: Defendants deny the allegation set forth in paragraph seventy-four.**

75.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER: Defendants deny the allegations set forth in paragraph seventy-five.**

76.    Defendant Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph seventy-six.**

**COUNT VII – Unlawful Seizure of Velva Sweezer**

77.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated.**

13

78.     As described above, the Defendant Officer Jenkins, acting under color of law, executed an unconstitutional seizure of Velva Sweezer.

**ANSWER: Defendants admit that defendant Jenkins was acting under color of law,**

**but deny the remaining allegations contained in paragraph seventy-eight.**

79.     More specifically, an unprovoked Defendant Officer Jenkins stopped, interrogated, physically attacked, and subsequently arrested Sweezer without probable cause, without a warrant for her arrest, without reasonable suspicion, or without any true belief or indicia that she had committed any crime.

**ANSWER: Defendants admit that defendant Jenkins arrested plaintiff Sweezer**

**without a warrant, but deny the remaining allegations contained in paragraph seventy-nine.**

80.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Plaintiff Sweezer.

**ANSWER: Defendants deny any misconduct and therefore deny the state of mind**

**alleged in paragraph eighty.**

81.     The misconduct described in this Count was caused and participated in by Defendants Officer Jenkins, Unnamed Officers as members of the Chicago Police Department, and the omissions of Defendant Chicago Board of Education personnel in the manner described more fully above.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-one.**

82.     As a result of Defendant Officers' unlawful seizure and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress, and anguish.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-two.**

**COUNT VIII – Use Of Excessive Force Against Velva Sweezer**
**42 USC § 1983**

83.     Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs**

**and incorporate those answers herein, as if fully restated.**

84.     Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used.

14

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-four.**

85.     At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Officer Jenkins to assault and batter Plaintiff.

**ANSWER: Defendants deny any assault and battery occurred and deny any wrongful**

**conduct. Defendants admit the remaining allegations set forth in paragraph eighty-five.**

86.     The physical violence inflicted upon Plaintiff by Jenkins was excessive, unnecessary, and unreasonable.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-six.**

87.     As a proximate result of all of the aforementioned actions by Officer Jenkins, Sweezer sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-seven.**

88.     The acts of the Jenkins as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-eight.**

89.     The acts and omissions of the Supervisory Defendants as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph eighty-nine and**

**further deny any wrongdoing.**

90.     As a direct and proximate result of the malicious actions of Jenkins and the acts and omissions of the omissions of the Supervisory Defendants, Plaintiff was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety.**

**COUNT IX – Conspiracy to Interfere with the Rights of Velva Sweezer**
**42 USC § 1983**

91.     Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated.**

92.    As a result of the concerted unlawful and malicious conspiracy of Defendants Officer Jenkins, Unnamed Officers, Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiff Velva Sweezer was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety-two.**

93.    As a direct and proximate result of this conspiracy, Plaintiff Sweezer was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety-three.**

### COUNT X – State Battery claim by Velva Sweezer

94.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER: Defendants reassert their answers contained in all preceding paragraphs and incorporate those answers herein, as if fully restated.**

95.    Officer Jenkins did not have a reasonable basis for using any force, or, the amount of force used against Plaintiff Sweezer.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety-five.**

96.    Without the consent of Sweezer, Officer Jenkins intentionally, harmfully, and offensively touched Plaintiff by squeezing and twisting her arm with excessive force.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety-six.**

97.    Jenkins' conduct that resulted in these batteries undertaken with malice, willfulness and reckless indifference to Sweezer's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph ninety-seven.**

### COUNT XI – State Assault Claim By Velva Sweezer

98.    Plaintiffs reallege and reincorporate all previous paragraphs.

**ANSWER**: Defendants reassert their answers contained in all preceding paragraphs

and incorporate those answers herein, as if fully restated.

99.    Acting under color of law, Officer Jenkins worked a denial of Sweezer's rights by assaulting her.

**ANSWER**: Defendants admit that defendant Jenkins was acting under color of law,

but deny the remaining allegations set forth in paragraph ninety-nine.

100.    Plaintiff Sweezer is a reasonable person.

**ANSWER**: Defendants deny the allegation contained in paragraph one-hundred.

101.    Any reasonable person would also have become apprehensive in the face of Officer Jenkins' threatening conduct.

**ANSWER**: Defendants deny the allegations contained in paragraph one-hundred

and one.

102.    Officer Jenkins' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER**: Defendants deny the allegations contained in paragraph one-hundred

and two.

### COUNT XII – Respondeat superior
### 745 ILCS 10/9-102

103.    Plaintiffs reallege and reincorporate all of the allegations in the preceding paragraphs.

**ANSWER**: Defendants reassert their answers contained in all preceding paragraphs

and incorporate those answers herein, as if fully restated.

104.    In committing the acts alleged in above, each individual defendant was acting within his scope of employment with the City of Chicago and/or the Chicago Board of Education.

**ANSWER**: Defendants make no answer on behalf others, including unnamed

officers, but admit that defendant Jenkins was acting within the scope of his employment at

all relevant times.

105.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  745 ILCS 10/9-102.

**ANSWER: Defendants deny the allegations contained in paragraph one-hundred and five.**

106.    As a proximate cause of Defendant Officers' unlawful acts as well as the acts and omissions of Assistant Principal Justin Moore, and Security Supervisor Eric Mitchell, Plaintiffs suffered physical and emotional injuries enumerated above.

**ANSWER: Defendants deny the allegations contained in paragraph one-hundred and six.**

**WHEREFORE, Defendants pray that this Court enter judgment in their favor on Plaintiffs' Complaint, award Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

## AFFIRMATIVE DEFENSES

1.    Counts VII (Unlawful Seizure) and IX (Conspiracy) of Plaintiffs' Complaint should be dismissed because Plaintiff Sweezer was found guilty in her underlying criminal proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

2.    Under the Illinois Tort Immunity Act, Defendant Jenkins is not liable for any of the claims alleged against other individuals because he was a public employee acting within the scope of his employment, and as such, is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

3.    The City of Chicago is not liable to Plaintiffs if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

4.    Regarding Plaintiffs' state law claims, Defendants are not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the

ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979).

5.    Regarding Plaintiffs' state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of any Plaintiff, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41 (1995).

6.    To the extent plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiff had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiffs by the jury in this case.

## JURY DEMAND

**Defendants demand trial by jury.**

Respectfully submitted,


/s/ *Shneur Nathan*
SHNEUR NATHAN
Assistant Corporation Counsel
Attorney for Defendant Jenkins
and the City of Chicago

30 N. La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
ATTY. NO.: 6294495

## CERTIFICATE OF SERVICE

I, Shneur Z. Nathan, an attorney, hereby certify that on *[Date]*, I caused Defendant Jenkins and the City of Chicago's Joint Answer to Plaintiffs' Civil Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ Shneur Z. Nathan
Shneur Z. Nathan
