**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 C 01818 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Milton I. Shadur |
| JENKINS)(STAR #5282), UNNAMED | ) | Magistrate Judge Morton Denlow |
| CHICAGO POLICE OFFICERS/SECURITY | ) | |
| GUARDS, JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOARD'S MOTION TO COMPEL

Defendant Board of Education of the City of Chicago ("Board"), by and through its attorney Assistant General Counsel Jennifer Y. Wu, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and Rule 37.2 of the Local Rules of the United States District Court Northern District of Illinois, move to compel plaintiffs to tender answers to written discovery. In support thereof, Defendant Board states as follows:

1.     Steven Moore ("Plaintiff") has brought a seven-count complaint alleging violations of his constitutional rights in connection with an arrest made at Lincoln Park High School. His mother, Velva Sweezer, joins in on a single count, alleging liability under the theory of *respondeat superior*.

## First Set of Written Discovery Issued by the Board

2.      On June 24, 2008, Defendant Board served its First Set of Interrogatories, First Request for the Production of Documents, and Notice of Deposition for Steven Moore and Velva Sweezer. A copy of the June 24, 2008, certificate of service is attached as **Exhibit A**.

3.      On August 12, 2008, Defendant Board requested that plaintiff tender his responses to written discovery. A copy of Defendant Board's Letter is attached as **Exhibit B**.

4.      On August 20, 2008, plaintiff tendered his answers to Defendant Board's First Set of Interrogatories and responses to the First Request for the Production of Documents, which are largely non-responsive and evasive. A copy of plaintiff's answers to the First Set of Interrogatories is attached as **Exhibit C**, and a copy of plaintiff's responses to the First Request for the Production of Documents is attached as **Exhibit D**.

5.      Plaintiff has provided absolutely no information about his alleged physical injuries or damages. *See* Answers to Interrogatory Nos. 4 and 5 (Exhibit C) and Responses to Request Nos. 11 through 13 (Exhibit D). Plaintiff obviously has information about his alleged injuries as he alleged so in his complaint. *See* Complaint at ¶¶ 40, 42, 51, 55, 63, 67, 70, and 106.

6.      Further, plaintiff's answers to Defendant Board's First Set of Interrogatories were not verified as required by Rule 33.

7.      Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. Pro. 37(a)(4).

### Second Set of Written Discovery Issued by the Board

8.      On July 16, 2008, Defendant Board served its Second Set of Interrogatories and First Request to Admit to plaintiff.  A copy of the July 16, 2008, certificate of service is attached as **Exhibit E**.

9.      On August 18, 2008, plaintiff tendered his answer to Defendant Board's single question contained in its Second Set of Interrogatories, however, his answer was not verified as required by Rule 33. A copy of plaintiff's answers to Defendant Board's Second Set of Interrogatories is attached as **Exhibit F.**

### Counsel for Board's Compliance with the Local Rules and Federal Rules of Civil Procedure

10.      Counsel for Defendant Board attempted to reach counsel for plaintiffs, Jon Erickson, on two occasions, telephoning plaintiffs' counsel on August 20 and 21, 2008. Counsel for Defendant Board was unable to reach Mr. Erickson and left messages with his receptionist.

11.      On August 21, 2008, counsel for Defendant Board sent a letter to Mr. Erickson asking for more complete answers to discovery, a copy of which is attached as **Exhibit G**.

12.      Plaintiffs' depositions had been set for August 25 and 26, 2008, but had to be cancelled due to the lack of responsive answers to discovery. *See* Exhibit G.

13.    On August 21, 2008, at 5:39 p.m., Mr. Erickson left a voicemail for counsel for Defendant Board.  Counsel for Defendant Board returned the phone call the next day but was unable to reach Mr. Erickson and left again a message with his receptionist.

14.    On August 22, 2008, counsel for Defendant Board sent a letter to Mr. Erickson, giving him additional time to respond due to his explanation that he was having difficulty reaching his clients.  A copy of this letter is attached as **Exhibit H**.

15.    No response to cure any of the above-identified deficiencies was received from plaintiffs' counsel prior to the filing of the instant motion.

16.    Pursuant to Rule 37(a) and Local Rule 37.2, counsel for Defendant Board, the undersigned attorney, hereby certifies that after consultation by phone and written correspondence as detailed above, and good faith attempts to resolve their differences, the parties were unable to successfully resolve their differences or reach an accord.

**WHEREFORE**, Defendant Board moves this Court to:

(a)    Order plaintiffs to tender more complete answers to Defendant Board's First Set of Interrogatories;

(b)    Order plaintiffs to submit verifications to their answers to the Board's First and Second Sets of Interrogatories;

(d)    Order plaintiffs to tender any responsive documents in their possession, including executed authorizations for the release of medical information for the health care providers identified in their answers to Interrogatory No. 5;

(d)    Order plaintiffs to sit for their respective depositions following the production of responsive discovery answers set for September 24 and 25; and

(e)    Such other relief as this Court deems just.

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

By:    s/Jennifer Y. Wu
Jennifer Y. Wu
Assistant General Counsel
Attorney for Defendant Board of Education
of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois  60603
(773) 553-1720

## CERTIFICATE OF SERVICE

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the attached **Defendant Board's Motion to Compel** to be served upon counsels of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 28th day of August, 2008.

s/ Jennifer Y. Wu

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VELVA SWEEZER and STEVEN MOORE )
)
               Plaintiffs, )     Case No.  08 C 01818
)
    vs. )
)
CHICAGO POLICE OFFICER TYRONE )   Judge Milton I. Shadur
JENKINS)(STAR #5282), UNNAMED )   Magistrate Judge Morton Denlow
CHICAGO POLICE OFFICERS/SECURITY )
GUARDS, JUSTIN MOORE, ERIC MITCHELL, )
THE CHICAGO BOARD OF EDUCATION, )
and THE CITY OF CHICAGO, )
)
             Defendants. )

**DEFENDANT BOARD'S MOTION TO COMPEL**
**INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | Certificate of service for the Board's First Set of Interrogatories, First Request for the Production of Documents to Plaintiff (June 24, 2008) |
| B | Board's Letter to Plaintiffs' Counsel (August 12, 2008) |
| C | Plaintiff's answers to the Board's First Set of Interrogatories (August 20, 2008) |
| D | Plaintiff's responses to the Board's First Request for the Production of Documents (August 20, 2008) |
| E | Certificate of service for the Board's Second Set of Interrogatories and First Request to Admit (July 16, 2008) |
| F | Plaintiff's Answers to Defendant Board's Second Set of Interrogatories (August 14, 2008) |
| G | Board's Letter to Plaintiffs' Counsel (August 21, 2008) |
| H | Board's Letter to Plaintiffs' Counsel (August 22, 2008) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

VELVA SWEEZER and STEVEN MOORE )

      Plaintiffs,      )   Case No. 08 C 01818

  vs.           )

CHICAGO POLICE OFFICER TYRONE )
JENKINS)(STAR #5282), UNNAMED )   Judge Milton I. Shadur
CHICAGO POLICE OFFICERS/SECURITY )  Magistrate Judge Morton Denlow
GUARDS, JUSTIN MOORE, ERIC MITCHELL, )
THE CHICAGO BOARD OF EDUCATION, )
and THE CITY OF CHICAGO,      )

      Defendants.    )

### CERTIFICATE OF SERVICE

To: Jon F. Erickson      Shneur Z. Nathan
  Franco S. LaMarca     Ashley C. Kosztya
  Michael Oppenheimer    Le'Ora P. Tyree
  Erickson and Oppenheimer, LLC  City of Chicago
  4554 N. Broadway, Suite 325   30 North LaSalle Street, Suite 1400
  Chicago, Illinois 60640    Chicago, Illinois 60602
  Fax: (773) 409-5827     Fax: (312) 744-6566

   **PLEASE TAKE NOTICE** that the undersigned attorney caused the attached Defendant Board's First Set of Interrogatories to Plaintiff, Defendant Board's First Request for Production of Documents to Plaintiff, Blank Authorizations for Release of Medical Records Forms, and Notice of Deposition for Velva Sweezer and Steven Moore, to be served upon counsel of record by depositing the same in a U. S. Mail box and by facsimile before 5:00 p.m. on this 24th day of June, 2008.

Dated at Chicago, Illinois    PATRICK J. ROCKS
this 24th day of June, 2008.   General Counsel

       By: _____
         Jennifer Y. Wu
         Assistant General Counsel
         Board of Education of the City of Chicago
         125 South Clark Street, Suite 700
         Chicago, Illinois 60603
         (773) 553-1720

DEFENDANT'S EXHIBIT A



**Board of Education of the City of Chicago**
**Law Department**

Patrick J. Rocks
General Counsel

125 South Clark Street
Suite 700
Chicago, Illinois 60603
Telephone 773/553-1700
FAX 773/553-1701

August 12, 2008

*VIA REGULAR U.S. MAIL*
Jon F. Erickson
Franco S. LaMarca
Michael Oppenheimer
Erickson and Oppenheimer, LLC
4554 N. Broadway, Suite 325
Chicago, IL 60640

      Re:  *Sweezer v. Board of Education of the City of Chicago, et al.*
         <u>Case No. 08 C 1818</u>

Counsel:

    Enclosed please find the Board's Amended Response to Plaintiff's Production Requests and the Board's Answer to Plaintiff's First Set of Interrogatories.

    As of date, I have not received Plaintiff's response to the Board's discovery requests propounded to you on June 24, 2008, or properly executed medical releases for Velva Sweezer and Steven Moore that were included with the Board's discovery requests.

    Please tender Plaintiff's answers, any responsive documents and the releases by or before <u>August 18, 2008</u>. Pursuant to Federal Rule of Civil Procedure 37, if I do not receive a response from you by this date, I will have no choice but to seek assistance from the Court.

          Sincerely,

          Jennifer Y. Wu
          Assistant General Counsel
          Attorney for the Board of Education of the
          City of Chicago

Enclosures

cc:  Attorneys of Record for Defendants City of Chicago, Tyrone Jenkins and Eric Mitchell



DEFENDANT'S
EXHIBIT
B

## IN THE NORTHERN DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE,<br>    Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 08 C 1818 |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Milton I. Shadur |
| JENKINS (Star #5282), UNNAMED CHICAGO | ) | |
| POLICE OFFICERS/SECURITY GUARDS, | ) | Magistrate Judge Morton |
| JUSTIN MOORE, ERIC MITCHELL, | ) | Denlow |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
|    Defendants. | ) | |

## RESPONSE TO DEFENDANT BOARD'S FIRST SET OF INTERROGATORIES TO PLANITIFF

Plaintiffs, VELVA SWEEZER and STEVEN MOORE, by and through their attorneys, JON ERICKSON, and MICHAEL OPPENHEIMER, pursuant to Rule 33 of the Federal Rules of Civil Procedure, tender the following responses to the Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO'S First Set of Interrogatories.

## ANSWERS

1.  Identify the names, addresses, and telephone numbers of all persons known to Plaintiff or his attorney or agents or anyone acting on Plaintiff's behalf who have or claim to have any knowledge or information with respect to the matters alleged in Plaintiff's complaint and Plaintiff's claims of damages or injuries including but not limited to all of the unnamed persons referred to or mentioned in the complaint. For each person state the following, keeping in mind the definition of "identify" in Subparts "J" and "M" of the "Definitions and Instructions" section of Defendant Board's First Set of Interrogatories.
    a.  Identify each and every fact and issue each such person has knowledge of, and state the source of such knowledge;
    b.  Identify each and every event or incident each such person has knowledge of, and the date and location of every such incident;
    c.  State whether this individual witnessed or participated in the alleged Fourth Amendment violation.


DEFENDANT'S EXHIBIT
C

**ANSWER:** Plaintiff refers Defendants to item (A) of "Plaintiff's Initial Rule 26(a) Disclosure." Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

2. State whether Plaintiff's or his attorneys or agents or anyone acting on his behalf has taken any statements, signed or unsigned, oral or written, or has in their possession any such statements, or know of the existence of any such statements, from or by any person who has, or claims to have, knowledge of the facts concerning the matters alleged in Plaintiff's complaint; if so, state:
   a. The name and present or last known address and phone number of each such person;
   b. The date the statement was given;
   c. Whether the statement was oral or written; and
   d. Whether Plaintiff has a copy of each statement. Pursuant to Rule 34, please produce a copy of each such statement with Plaintiff's answers to these interrogatories.

**ANSWER:** None. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

3. State the name, address and telephone number of all expert witnesses (a) whom Plaintiff either expects to call at trial or (b) has retained in anticipation of litigation or in preparation for trial but whom Plaintiff does not expect to call at trial. For each expert whom Plaintiff expects to call at trial, the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. State whether Plaintiff has any written reports from each expert. If yes, please produce each report pursuant to Rule 34.

**ANSWER:** None known at this time. Plaintiff reserves the right to amend this response after expert discovery has been ordered closed by the Court

4. Regarding Plaintiff's prayer for relief in the complaint, please identify the following:
   a. The monetary amount to which Plaintiff claims he is entitled;
   b. The nature, extent and duration of any injuries, damages, expenses or losses, that Plaintiff contends were suffered or incurred as the result of the incidents alleged in the complaint, including but not limited to any physical, mental and emotional injuries suffered by Plaintiff; and the monetary amount to which Plaintiff claims he is entitled with regard to those damages; and
   c. Identify all persons with knowledge of Plaintiff's damages claims.

**ANSWER:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

5.  If Plaintiff is seeking from defendants any damages for any physical injuries and/or any psychological injuries, state whether Plaintiff has sought any medical care or treatment, including care of an urgent or emergency nature, or other professional care, including physical therapy, care from a psychiatrist, psychologist, psychotherapist, priest, minister, or other professional counselor, or whether Plaintiff has been admitted to any hospital, medical or psychiatric institution, or clinic, in the past five years. If so, please state for each:

    a.  The full name, address and telephone numbers of any and all persons who rendered medical care or treatment or other professional care, hospitals or medical institutions that rendered services to Plaintiff;

    b.  The date(s) of examination, care or treatment by each such person who rendered medical care of treatment of other professional care, the date or dates of admission or discharge as to each hospital or medical institution;

    c.  The nature of the care or treatment rendered by each such person who rendered medical care or treatment or other professional care, hospital or other medical institutions and the reason(s) for each treatment or hospitalization;

    d.  The amount charged by the person, hospital or medical institution that rendered medical care or treatment or other professional care;

    e.  The amount covered by insurance or health plans; and

    f.  The amount Plaintiff paid to each person, hospital or medical institution that rendered medical care, treatment or other professional care.

**ANSWER:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

Respectfully Submitted,

Jon F. Erickson
Attorney for Plaintiff

Erickson & Oppenheimer, P.C.
4554 N. Broadway | Suite 325
Chicago, IL 60640 | 773.907.0940
ARDC #6205277

## CERTIFICATE OF SERVICE

I, Jon Erickson, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing PLAINTIFFS' ANSWERS TO BOARD OF EDUCATON'S FIRST SET OF INTERROGATORIES, to be sent via ~~U.S. First Class Mail~~ before 5:00 p.m. on this 20th Day of August, 2008 to: Fax

Sabrina Haake
Susan O'Keefe
Patrick J. Rocks
Jennifer Y. Wu
Board of Education of the City of Chicago
125 S. Clark, 7th Floor
Chicago, IL 60603

Shneur Z. Nathan
Ashely C. Kosztya
Le'Ora P. Tyree
City of Chicago
30 N. LaSalle St., Suite 1400
Chicago, IL 60602


Jon F. Erickson

Erickson & Oppenheimer, PC
Attorneys for Plaintiff
4554 N. Broadway | Suite 325
Chicago, IL 60640 | 773.907.0940

## IN THE NORTHERN DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE,<br>    Plaintiff, | )<br>)<br>) | |
|     -vs- | )<br>) | No. 08 C 1818 |
| CHICAGO POLICE OFFICER TYRONE<br>JENKINS (Star #5282), UNNAMED CHICAGO<br>POLICE OFFICERS/SECURITY GUARDS,<br>JUSTIN MOORE, ERIC MITCHELL,<br>THE CHICAGO BOARD OF EDUCATION,<br>and THE CITY OF CHICAGO,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge Milton I. Shadur<br><br>Magistrate Judge Morton<br>Denlow |

### RESPONSE TO DEFENDANT BOARD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLANITIFF

Plaintiffs, VELVA SWEEZER and STEVEN MOORE, by and through their attorneys, JON ERICKSON, and MICHAEL OPPENHEIMER, pursuant to Rule 33 of the Federal Rules of Civil Procedure, tender the following responses to the Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO'S First Set of Interrogatories.

### RESPONSES

1. All documents that Plaintiff believes support, negate, evidence or relate to the facts alleged in his complaint.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

2. All written materials, photographs, recorded statements and/or notes of oral statements, reports and/or opinions of the Plaintiff, Defendants or any other person which refer, relate or pertain to the matters alleged in Plaintiff's complaint.

**RESPONSE:** None. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.



3. Any newspaper articles containing statements made by Plaintiff, Velva Sweezer, his agent or anyone purporting to act on his behalf regarding the March 30, 2007, incident.

**RESPONSE:** None. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

4. All correspondence between Plaintiff or his agents or anyone purporting to act on his behalf and Defendants, as well as any diaries, calendars, phone logs, appointment or date books, notes, logs, time lines or listings of events relating to the facts alleged in his complaint.

**RESPONSE:** None. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

5. All documents relating to Steven Moore's alleged previous encounter or encounters with Officer Jenkins as reference in Paragraph 22 of Plaintiff's complaint.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

6. All documents relating to Steven Moore's alleged transfer from Lincoln Park High School as reference in Paragraph 26 of Plaintiff's complaint.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

7. All phone records showing the date, time and length of all phone calls received or made by Velva Sweezer and Steven Moore on March 30, 2007.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

8. All medical records that show the existence of Velva Sweezer's medical condition and/or history as referenced in Paragraph 37 of Plaintiff's complaint.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

9.  All documents relating to the Steven Moore and Velva Sweezer's arrest(s) and/or conviction(s) referenced in Paragraphs 39-45 of Plaintiff's complaint.

**RESPONSE:** Plaintiff refers Defendants to "Plaintiff's Initial Rule 26(a) Disclosure" which contains the Answer to Discovery, 071217441; Velva Sweezer's Arrest Report; Velva Sweezer's Criminal History Report; the Tactical Response Report; and the General Offense Case Report. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

10. All documents relating to any complaints filed against any Defendant in any forum, including but not limited to the Office of Professional Standards of the Office of Internal Affairs, other than the instant complaint.

**RESPONSE:** None. Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

11. All documents relating to Plaintiff's contention that Defendants' alleged actions caused Plaintiff to suffer damages, including but not limited to all medical or psychiatric records and bills which relate in any way to any damages Plaintiff claims he suffered and/or any other documents which reflect any economic and/or emotional injury as a result of the conduct alleged in Plaintiff's complaint.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

12. If Plaintiff is seeking from Defendants any damages for any physical injuries and/or any psychological injuries, please tender all doctor, hospital, psychiatric or other medical records, reports, files, bills, x-rays, photographs, and other documents or materials referring or relating to any medical, psychiatric or drug/alcohol related treatment Plaintiff has sustained for any reason during the last five (5) years.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

13. If Plaintiff is seeking from Defendants any damages for any physical injuries and/or any psychological injuries, the Board attaches blank releases authorizing Plaintiff's health care provided(s) to release all treatment related

information to all Defendants, including notes, diagnoses, prognoses, medication names and dosages, and all other medical records. Please fill out and sign one release for each health care provider Plaintiff saw with respect to Plaintiff's medical condition(s), physical, mental and emotional injuries alleged in Plaintiff's complaint, and return them to counsel for the Board.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

14. All documents identified in, referred to or consulted in connection with Plaintiff's answers to any Defendant Board's First Set of Interrogatories.

**RESPONSE:** Plaintiff directs Defendants to "Plaintiff's Initial Rule 26(a) Disclosure."

15. In accordance with Rule 26(a)(2), all documents or treatises relied upon by the experts identified in Plaintiff's answer to Defendant Board's Interrogatory No. 3 in formulating their opinions.

**RESPONSE:** None known at this time. Plaintiff reserves the right to amend this response after expert discovery has been ordered closed by the Court.

16. In accordance with Rule 26(a)(2), a curriculum vitae for each expert witness identified in Plaintiff's answer to Defendant Board's Interrogatory No. 3.

**RESPONSE:** None known at this time. Plaintiff reserves the right to amend this response after expert discovery has been ordered closed by the Court.

17. All documents and materials which Plaintiff intends to use as exhibits at the trial of the case herein.

**RESPONSE:** Plaintiff acknowledges his ongoing duty to comply with Defendant's requests and will supplement this information as it becomes available. Investigation continues.

Respectfully Submitted,

Jon F. Erickson
Attorney for Plaintiff

Jon F. Erickson
Erickson & Oppenheimer, LLC
4554 N. Broadway | Suite 325
Chicago, IL 60640
773.935.3130
ARDC #6205277

## CERTIFICATE OF SERVICE

I, Jon Erickson, an attorney, hereby certify that I have caused true and correct copies of
the above and foregoing PLAINTIFFS' ANSWERS TO BOARD OF EDUCATION'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, to be sent via ~~U.S. First
Class Mail~~ before 5:00 p.m. on this 20th Day of August, 2008 to:        Fax

Sabrina Haake
Susan O'Keefe
Patrick J. Rocks
Jennifer Y. Wu
Board of Education of the City of Chicago
125 S. Clark, 7th Floor
Chicago, IL 60603

Shneur Z. Nathan
Ashely C. Kosztya
Le'Ora P. Tyree
City of Chicago
30 N. LaSalle St., Suite 1400
Chicago, IL 60602

_____

Jon F. Erickson

Erickson & Oppenheimer, PC
Attorneys for Plaintiff
4554 N. Broadway | Suite 325
Chicago, IL 60640 | 773.907.0940

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

VELVA SWEEZER and STEVEN MOORE )
                               )
               Plaintiffs, )         Case No.  08 C 01818
                               )
    vs. )
                               )
CHICAGO POLICE OFFICER TYRONE )        Judge Milton I. Shadur
JENKINS)(STAR #5282), UNNAMED )        Magistrate Judge Morton Denlow
CHICAGO POLICE OFFICERS/SECURITY )
GUARDS, JUSTIN MOORE, ERIC MITCHELL, )
THE CHICAGO BOARD OF EDUCATION, )
and THE CITY OF CHICAGO, )
                               )
               Defendants. )

### CERTIFICATE OF SERVICE

To:    Jon F. Erickson                 Shneur Z. Nathan
       Franco S. LaMarca           Ashley C. Kosztya
       Michael Oppenheimer       Le'Ora P. Tyree
       Erickson and Oppenheimer, LLC    City of Chicago
       4554 N. Broadway, Suite 325      30 North LaSalle Street, Suite 1400
       Chicago, Illinois 60640           Chicago, Illinois 60602
       Fax: (773) 409-5827             Fax: (312) 744-6566

     **PLEASE TAKE NOTICE** that the undersigned attorney caused the attached Defendant Board's Second Set of Interrogatories to Plaintiff, Defendant Board's First Request to Admit to Plaintiff, to be served upon counsel of record by depositing the same in a U. S. Mail box and by facsimile before 5:00 p.m. on this 16th day of July, 2008.

Dated at Chicago, Illinois            PATRICK J. ROCKS
this 16th day of July, 2008.        General Counsel

                 By:     _Jennifer Y. Wu_
                       Jennifer Y. Wu
                       Assistant General Counsel
                       Board of Education of the City of Chicago
                       125 South Clark Street, Suite 700
                       Chicago, Illinois 60603
                       (773) 553-1720


DEFENDANT'S EXHIBIT
E

**IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED
CHICAGO BOARD OF EDUCATION

2008 AUG 18  AM 10: 32

LAW DEPARTMENT

| | | |
|---|---|---|
| VELVA SWEEZER and STEVEN MOORE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  08 C 1818 |
| | ) | |
| CHICAGO POLICE OFFICER TYRONE | ) | Judge Miltion I. Shadur |
| JENKINS (Star #5282), UNNAMED CHICAGO | ) | Magistrate Judge Morton |
| POLICE OFFICERS/SECURITY GUARDS, | ) | Denlow |
| JUSTIN MOORE, ERIC MITCHELL, | ) | |
| THE CHICAGO BOARD OF EDUCATION, | ) | |
| and THE CITY OF CHICAGO, | ) | |
|     Defendants. | ) | |

### RESPONSE TO DEFENDANT BOARD'S SECOND SET OF INTERROGATORIES TO PLANITIFF

    1.    With respect to your responses to Defendant Board's First Request to Admit to Plaintiff that are <u>not</u> admissions, indentify all facts upon which you base your responses.

**ANSWER**:   Plaintiff did not deny any of Defendant's Requests.

Respectfully Submitted,


Jon F. Erickson
Attorney for Plaintiff


Jon F. Erickson
Erickson & Oppenheimer, LLC
4554 N. Broadway | Suite 325
Chicago, IL 60640
773.935.3130
ARDC #6205277



DEFENDANT'S
EXHIBIT

**FILE COPY**

### Board of Education of the City of Chicago
### Law Department

Patrick J. Rocks
General Counsel

125 South Clark Street
Suite 700
Chicago, Illinois 60603
Telephone 773/553-1700
FAX 773/553-1701

August 21, 2008

_VIA FACSIMILE (773) 409-5827_
Jon F. Erickson
Erickson and Oppenheimer, LLC
4554 N. Broadway, Suite 325
Chicago, IL 60640

      Re:    _Sweezer v. Board of Education of the City of Chicago, et al._
                    <u>Case No. 08 C 1818</u>

Counsel:

        I left a telephone message with your receptionist on August 20, 2008, but did not receive a return call from you. I again left a telephone message with your receptionist today and write this letter to convey to you my concerns about Plaintiffs' Answers to Interrogatories and Responses to Document Requests.

      A.    <u>Answers to Interrogatories and Responses to Document Requests</u>

        On August 20, 2008, I received, _via_ facsimile, Plaintiffs' Answers to Interrogatories and Responses to Document Requests, after requesting such information by letter and by telephone. I note that most of Plaintiffs' answers and responses indicate that their investigation is continuing. I also note that Plaintiffs have not produced any additional documents, other than those tendered with their initial disclosures. These overdue answers and responses are deficient for the following reasons:

        1.    Plaintiffs' answers to the Board's First and Second Sets of Interrogatories are not verified, as required by Rule 33.

        2.    Plaintiffs' answers to the Board's First Set of Interrogatories are insufficient. Specifically, in response to Interrogatory Nos. 4 and 5, Plaintiffs have failed to provide any information regarding alleged damages suffered over a year ago. Plaintiffs' response that their investigation is continuing is disingenuous at best as Plaintiffs have had this information before the filing of this lawsuit. _See_ Complaint at ¶¶ 40, 42, 51, 55, 63, 67, 70, and 106.

DEFENDANT'S EXHIBIT

Jon Erickson, Attorney for Plaintiffs
August 21, 2008
Page 2

3.  Plaintiffs' responses to the Board's First Set of Document Requests are also insufficient. Specifically, in response to Request Nos. 11 through 13, Plaintiffs again have failed to provide any information regarding the alleged damages suffered over a year ago.

Further, Plaintiff Steven Moore has not tendered an Authorization for the Release of Medical Information for each of his health care providers. I also note that Plaintiff Velva Sweezer has identified only one health care provider, Tanya Reeves-Richardson.

Additionally, based on Plaintiffs' apparent inability to tender documents responsive to Interrogatory No. 7, please see the attached Third Set of Interrogatories to Plaintiffs.

B.  <u>Re-Notice of Depositions</u>

Because Plaintiffs have provided inadequate discovery responses, I have no choice but to cancel the depositions set for next week. Enclosed please find a re-notice of depositions for Steven Moore and Velva Sweezer.

If Plaintiffs' answers and responses are not cured **by 3:00 p.m. on August 22, 2008,** the Board will seek the assistance of the Court.

Sincerely,

Jennifer Y. Wu
Assistant General Counsel
Attorney for the Board of Education of
the City of Chicago

Enclosures

cc:  Attorneys of Record for Defendants City of Chicago, Tyrone Jenkins and Eric Mitchell



**FILE COPY**

## Board of Education of the City of Chicago
## Law Department

Patrick J. Rocks
General Counsel

125 South Clark Street
Suite 700
Chicago, Illinois 60603
Telephone 773/553-1700
FAX 773/553-1701

August 22, 2008

_VIA FACSIMILE (773) 409-5827_
Jon F. Erickson
Erickson and Oppenheimer, LLC
4554 N. Broadway, Suite 325
Chicago, IL 60640

Re:   _Sweezer v. Board of Education of the City of Chicago, et al._
       _Case No. 08 C 1818_

Counsel:

I am in receipt of your voicemail left yesterday at 5:39 p.m.  I left a telephone message with your receptionist today and write this letter to convey my response to your voicemail.

You indicated that you did not send verifications for the Interrogatories because you are having difficulties reaching your clients.  You also indicated that you are working to obtain answers from your clients to Interrogatory Nos. 4 and 5.

Since it appears that you need some additional time, please tender these items, in addition to plaintiffs' responses to Document Request Nos. 11, 12 and 13 (including Authorization(s) for the Release of Medical Information signed by Steven Moore and his mother for each of his health care providers) by **3:00 p.m. on Wednesday, August 27, 2008.**

Sincerely,

Jennifer Y. Wu
Assistant General Counsel
Attorney for the Board of Education of
the City of Chicago

cc:   Attorneys of Record for Defendants City of Chicago, Tyrone Jenkins and Eric Mitchell

