```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

STEVEN MOORE,                   )
                                )
            Plaintiff,          )
                                )
      v.                        )     No.  08 C 1818
                                )
CHICAGO POLICE OFFICER          )
TYRONE JENKINS (STAR #5282),    )
et al.,                         )
                                )
            Defendants.         )

<u>MEMORANDUM ORDER</u>

This Court held a pretrial conference on March 18, 2010 to discuss with counsel for the litigants their jointly tendered draft Final Pretrial Order ("FPTO"). That conference concluded with a directive to the parties to return to the drawing board to make substantial revisions to their draft, and on June 28 counsel for the litigants submitted a jointly revised FPTO. This Court has entered that revised FPTO contemporaneously with the issuance of this memorandum order, which deals with some necessary elaboration of, and some revisions and additions to, aspects of that document.

To begin with the FPTO's listed exhibits (FPTO ¶2(c)), as a purely procedural matter they should be redesignated as "P. Ex. --," "P.D. Ex. --" (for demonstrative exhibits), "D. Ex. --" (for all defense exhibits, to be numbered consecutively) and "D. D. Ex. --" (for all defense demonstrative exhibits, also to be numbered consecutively). On that score it

should be remembered that the jury will be instructed that it is to consider all testimony and all exhibits, irrespective of the party introducing individual matters (subject of course to any appropriate limiting instruction), so that there is no need to distinguish among defendants in identifying defense exhibits.

Still on the subject of exhibits:

1. All "foundation" objections are expected to be withdrawn before trial, unless it is contended that some designated document is really bogus.

2. Except to the extent that any stated objections are susceptible to swift disposition when voiced and addressed at trial, all objections must be made the subject of motions in limine (to be dealt with later in this memorandum order). That said, however, this Court is much troubled by the host of listed objections that are not identified as the anticipated subjects of motions in limine--should those be referred to the assigned magistrate judge at this time, so that the underbrush can be cleared away well in advance of trial?

Those subjects will be discussed at the next status hearing, referred to later in this memorandum order.

As for the parties' witness lists (FPTO ¶2(d)), and objections as to the nondisclosure or belated disclosure of potential "may call" witnesses must be addressed by the litigants

as part of their respective responses to the other side's motions in limine. This Court should then be in a position to rule on the objections.

As to deposition designations (FPTO ¶2(f)), defendants' proposal that the transcripts of all depositions taken in the case be provided in their entirety has no apparent merit. Instead, any depositions that are permitted to be used in accordance with the Federal Rules of Civil Procedure ("Rules") are to be provided to this Court with colored highlights indicating each side's designations and any opposing objections, so that in advance of trial this Court can rule on the portions of the admissible depositions that may be read to the jury.

As to motions in limine, it does not appear from the extensive list included in the FPTO that the parties have met and conferred to the fullest extent needed to eliminate any that are noncontroversial. But whether or not that is so, it is apparent that a status hearing should be scheduled to set up a timetable for submissions in support of and in opposition to all disputed motions. Accordingly this Court orders counsel to appear at a status hearing at 9 a.m. July 14 for that purpose.

Finally, FPTO ¶5 reflects a joint recommendation that a panel of six jurors be selected for the trial. That proposal is shortsighted in light of the provisions of Rule 48(b), for it does not protect sufficiently against the possibility that a

juror might (for example) become ill during the course of the trial.  Accordingly this Court contemplates the selection of a panel of eight jurors rather than six.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  June 29, 2010